Ronald Lee Bell, Minor, by Virgil Baird, his Guardian, Appellant, v. James Poindexter, Appellee.

Gen. No. 9,631.

542

Opinion filed February 28, 1949. Released for publication March 28, 1949.

WAYNE C. TOWNLEY and STONE, STONE & HESS, all of Bloomington, for appellant.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

In this action under the Dram Shop Act, a complaint, as amended, was stricken on motion. Upon an election to stand on the pleadings, the suit was dismissed at plaintiff's costs, from which order this appeal follows.

The original complaint consisted of four counts, all alleging that plaintiff, Ronald Lee Bell, was a minor under the age of one year; that Virgil Baird was his guardian; that such minor was a son and only heir of Carl F. Bell, deceased, who, in his lifetime, was a salesman earning, annually, $5,000, which went for the support of himself and son; that James Poindexter, on September 1, 1947, was the owner and operator of a duly licensed liquor tavern in the City of Leroy, McLean county, Illinois, legally describing the premises.

Count I further alleged that Charles Sparr was driving his automobile with Samuel Ratliff, Donald Sexton and Delmar Graning as guests; that Sparr drove to defendant's tavern and there Ratliff and Graning purchased alcoholic liquor for the four riding in the car, including Sparr, who drank part or all of the liquor; that Sparr, age fourteen, became intoxicated as a result of such sale of liquor, drove his automobile in a negligent manner so as to strike the auto-

mobile of Carl F. Bell, causing the latter's death; that plaintiff was thereby deprived of his means of support. Damages in the sum of $50,000 were asked under the provisions of sec. 135, ch. 43, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 68.042]. On motion, the vital allegation relating to sale of liquor to Ratliff and Graning was property stricken, which, in effect, nullified Count I. An amendment to this count was filed, which, in substance, charged that Sparr directed Ratliff and Graning, as his agents, to purchase the liquor. On motion, this count, as amended, was properly stricken, as it contained no allegation that defendant had any knowledge of such agency. The case of *Blackwell v. Fernandez*, 324 Ill. App. 597, holds that a tavernkeeper is not liable for the conduct of a plaintiff who obtains liquor from a third party, even though such liquor had originally been purchased from the defendant.

Original Count II was similar to Count I but charged that Ratliff made the purchase. Count III was substantially the same but charged that Graning purchased the liquor. The amendment to Counts II and III alleged that Sparr directed that the purchase be made and that the buyer did so as agent of Sparr. Motion to strike these counts, as amended, was properly allowed, as in the case of Count I.

Count IV, in paragraph 5, charged that either Ratliff or Graning or both purchased the liquor "when the said Charles Sparr was present . . . that the defendant knew or has reasonable grounds to believe that the said minor Charles Sparr would drink part or all of the said liquor." Paragraph 9 set forth that the injuries were proximately the result of Sparr's intoxication caused by the sale of the liquor "in the presence of Charles Sparr and for use by the said Charles Sparr when the defendant knew or had reasonable grounds to believe the said Charles Sparr would consume part or all of said liquor." Upon motion to strike this count, the court ordered only the

following stricken: "either the said Delmar Graning or Samuel Ratliff or both purchased alcoholic liquor from the defendant at that time and place for the said Charles Sparr, Samuel Ratliff, Delmar Graning, and Donald Sexton, when the said Charles Sparr was present." It is noted that the heretofore quoted excerpts were not stricken, but remain in the pleadings. The amendment to this count was ineffective in so far as it attempted to aid the same, merely charging, as was done in Counts, I, II, and III, that Sparr directed the purchase and the sale was made to his agent. The question presented is: Does original Count IV state a cause of action? No citation of authority is necessary to support the statement that on motion to strike, all well-pleaded allegations of the complaint are taken as true. The pertinent allegation under consideration is heretofore quoted and appears, both in paragraphs 5 and 9 of Count IV, to the effect that defendant made the sale in the presence of Sparr, knowing, or having reasonable grounds to believe, that Sparr would consume part or all of the liquor. In the case of *Bennett v. Auditorium Bldg. Corp.*, 299 Ill. App. 139, it was contended that alcoholic liquor served to a woman did not constitute a sale because the drinks were paid for by her escort. The court rejected this view and held that it amounted to a sale to the person served. This case is somewhat different than the instant one, because in such case the liquor was consumed on the premises, whereas in this case it was not. However, the place of consumption would seem to be immaterial if the defendant had knowledge that the party at fault intended to drink part or all of it. In 48 C. J. S., Intoxicating Liquors, § 727 it is said: "If, however, the seller knew or had good reason to believe when he sold the liquor that the purchaser intended to furnish it to another person, and such person afterward becomes intoxicated and causes damage, the seller will be liable, . . . ." (See also *Pilkins v. Hans*, 87 Neb. 7, 126

N. W. 864.)   This court must therefore hold that this count does state a cause of action.

The cause is reversed and remanded with directions to reinstate the same and to deny the motion to strike Count IV of the complaint as amended.

*Reversed and remanded with directions.*