Patricia Stinson, as Administrator of the Estate of Donald Stinson, Deceased, for the Use and Benefit of Patricia Stinson and Jamie Ann Stinson, a Minor, Robert Quincy, Nominal Plaintiff, Suing for the Sole Use and Benefit of Regina Quincy, Plaintiffs-Appellants, v. Howard B. Edlen, Juanita F. Edlen, S. Randall Phelps, William Devlin, Frank Payne and L. Macy Parkman, Defendants-Appellees.

## Gen. No. 10,299.

Third District.

October 20, 1960.

John Alan Appleman, of Urbana, and Minton W. Arnold, of Rushville, for appellants.

Moran, Klockau, McCarthy, Schubert, and Henss, of Rock Island (Donald A. Henss, of counsel) for appellees.

ROETH, JUSTICE.

Plaintiffs filed a two count complaint under the dram shop act against the operators of a tavern known as County Seat Tavern and the owner of the real estate on which it is located. By Count 1, Patricia Stinson as administrator of the estate of Donald Stinson, deceased, for the use and benefit of Patricia Stinson and Jamie Ann Stinson, a minor, seeks to recover for loss of means of support arising out of the death of Donald Stinson and by Count 2, Robert Quincy, nominal plaintiff suing for the sole use and benefit of Regina Quincy seeks to recover for loss of means of support arising out of the injuries received by Robert Quincy. It is alleged in both counts that Donald Stinson and Robert Quincy were passengers in an automobile being driven by one David O'Connell while the said O'Connell was intoxicated, and that said automobile was involved in an accident which caused the death of Donald Stinson and the injuries to Robert Quincy. In each count it is alleged that "the defendants above designated, or some one or more of them, personally or by their agents, servants, or lessees, sold or gave alcoholic liquors to David O'Connell which he consumed and which rendered him intoxicated."

Defendants filed a motion for summary judgment supported by affidavits and certain depositions. From these affidavits and depositions it appears that Stinson, Quincy and two other young men named O'Connell and Dunn worked together in Mt. Sterling. Upon the evening of the occurrence they worked until 8:00 P. M. Before going home they all chipped in to a common fund to purchase some beer. Donald Stinson and Robert Quincy went to the County Seat Tavern where Stinson went in and purchased 24 cans of beer. Quincy waited in the automobile on the outside. They then returned to their place of employ-

ment where the four consumed all or a major part of the beer. The accident occurred later that evening. These facts are not in dispute. As noted above the direct purchase was made by Stinson and it further appears that David O'Connell was not in defendant's tavern that evening and made no purchase of any intoxicating liquor. These facts are conclusively shown by the affidavits and depositions and counsel for plaintiff does not dispute that these are the facts. The trial court granted summary judgment for defendants and this appeal followed.

It is the contention of counsel for plaintiffs that the defendants are liable for injuries resulting from the intoxication of O'Connell who drank part of the beer which was paid for in part with his money, even though O'Connell was not the direct purchaser. Counsel for plaintiffs concede that the case of Blackwell v. Fernandez, 324 Ill. App. 597, 59 N.E.2d 342 (leave to appeal denied, 326 Ill. App. XV) is directly contrary to their contention. We are here asked to review the decision of the Appellate Court of the First District and the judgment of the Supreme Court in denying leave to appeal. It would be presumptuous, to say the least, for us to undertake to do so. We prefer to adhere to Blackwell v. Fernandez, supra. If the Supreme Court deems the question open to reconsideration, it can so indicate on an application for leave to appeal from this decision.

When the foregoing facts were disclosed by the affidavits and depositions, counsel for plaintiffs filed the counter affidavit of one of counsel in which it is alleged among other things:

"... that it was the course and custom of these young men involved in this episode to buy several packs of beer while they were working in the evenings which they would jointly pay for and consume together; that they would then ride

about in an automobile, playing a banjo or guitar, and that their conduct was well-known to the citizens of the community; that Mt. Sterling is a small town in which almost every person is known to every other and that it would be a question of fact for a jury to determine whether or not the operators of the defendants' tavern knew or reasonably should have known that substantial quantities of beer so sold by them to any member of such group would be consumed by others than the immediate purchaser thereof.

". . .

"Affiant further states that there is no dispute but that all of the boys contributed to purchase the beer and that it was purchased by Stinson, now deceased, and unable to testify, as the agent of all of them; that the defendants knew or reasonably should have known that Stinson would not personally drink all 24 cans of beer, nor would it be material in any event; that the sale need not be made directly to the person who consumes the liquor, as the same harm or damage to members of the public may result irrespective of that consideration, but that in any event the defendants in this case had knowledge of circumstances putting them on notice that such beer would in all probability be consumed by Stinson's companions as upon other occasions."

Counsel for plaintiffs, while criticizing our holding in Bell v. Poindexter, 336 Ill. App. 541, 84 N.E.2d 646, and insisting that it should not be adhered to, contends that if it is the law then the foregoing allegations in the affidavit present a factual situation warranting the denial of summary judgment. However, we do not reach the point where a consideration of this contention is warranted for the reason that in the case at bar the allegation of the complaint is that

the sale was made to David O'Connell which is tantamount to saying that he was the direct purchaser. No attempt at amendment was made in the trial court to bring the allegations of the complaint within the principle of Bell v. Poindexter, supra. In passing, it is interesting to note that in two recent cases in foreign jurisdictions the principles announced in Blackwell v. Fernandez, supra, and Bell v. Poindexter, supra, were adopted. These cases are Maldonado v. Claud's, Inc., 347 Mich. 395, 79 N.W.2d 847, and Fladeland v. Mayer (N. D.), 102 N.W.2d 121. In the latter case, Bell v. Poindexter, supra, was cited with approval.

Accordingly the judgment of the Circuit Court of Morgan County will be affirmed.

Affirmed.

CARROLL, P. J. and REYNOLDS, J., concur.