Herbert C. Rittmeyer, as Administrator of the Estate of Herbert Allen Rittmeyer, Deceased, and Herbert C. Rittmeyer, Individually, Plaintiffs-Appellants, v. Everett Anderson and Walter Lizer, Defendants-Appellees.

Gen. No. 11,884.

Second District.

June 15, 1964.

Nash, Ferolie & Ohlson, of Rockford (Lawrence J. Ferolie and Larry E. Ohlson, of counsel), for appellants.

John H. Page and Robert K. Clark, of Rockford (Robert K. Clark, of counsel), for appellees.

MORAN, J.

This is an action brought under the Dram Shop Act and pleaded in two Counts. Count I claims injury to means of support and Count II alleges injury to prop-

erty. On motion of the defendants, the trial court dismissed both counts of the complaint. The plaintiff, Herbert C. Rittmeyer, individually and as Administrator of the Estate of Herbert Allen Rittmeyer, deceased, elected to stand on their complaint. Judgment was entered in favor of the defendants. The plaintiff has appealed, praying that the order of the Circuit Court of Winnebago County be reversed and that the cause be remanded with directions to reinstate the complaint and require the defendants, Everett Anderson and Walted Lizer, to answer the same.

The portions of the complaint material to this appeal are the following paragraphs contained in Count I and realleged in Count II.

"3. That on September 1, 1962, a certain group of young persons planned a party to be held at the Herbert C. Rittmeyer farm in Pecatonica, Illinois, during the senior Rittmeyer's absence, and the young men of that group jointly contributed to pay for a 'pony keg' of beer, as was their custom when a party was planned, and in the early evening on said date, one Shelby Pettinger, the only adult of the group, using said funds, upon tavern premises heretofore described, purchased from the defendants personally, or through their agents and employees acting in the course and scope of their employment, a 'pony keg' containing four gallons of draft beer.

"4. That at the time and place of said sale, the defendants personally, or through their agents and employees acting in the course and scope of their employment, knew or reasonably should have known, that Shelby Pettinger intended to furnish the beer to other persons and he would not drink four gallons of draft beer himself, and that

72

on prior occasions he had purchased from the defendants, or through their agents and employees, alcoholic beverages for the same group of young people, among whose members was Herbert Allen Rittmeyer, with funds contributed jointly by said group.

"5. That thereafter on September 1, 1962, Shelby Pettinger returned to the Rittmeyer farm with said 'pony keg' and during the party which ensued, Herbert Allen Rittmeyer consumed a quantity of said beer, which rendered him intoxicated.

"6. That thereafter on September 1, 1962, or shortly after midnight on September 2, 1962, as a direct result of said intoxication, Herbert Allen Rittmeyer was caused to suffer self-inflicted wounds by means of a firearm, at said Rittmeyer farm, from which he died on September 3, 1962, in Rockford, Illinois, leaving surviving him Herbert C. Rittmeyer, his father, and Fern Rittmeyer, his mother, all within one year prior to the commencement of this action."

The section of the statute involved is Ill Rev Stats, sec 135, ch 43 (1961) the relevant part of which is as follows:

"Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; . . . An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid."

73

The question here presented is:

■ Does the Complaint state a cause of action? No citation of authority is necessary to support the statement that on motion to strike, all well-pleaded allegations of the complaint are taken as true.

The plaintiff argues that the Dram Shop Act should be liberally construed, that liability under the Act is not dependent upon negligence, and that the allegations of the complaint meet the requirements of a "sale" within the meaning of the above quoted statute.

Plaintiff cites Ill Rev Stats, sec 94, ch 43 (1961), Howlett v. Doglio, 402 Ill 311, 83 NE2d 708 and Fortner v. Norris, 19 Ill App2d 212, 153 NE2d 433, as authority for the proposition that a liberal construction should be given to the Act. However, while the Supreme Court in the Howlett case does quote the language of section 94 of the Act, the Court goes on to state (402 Ill at 320) that:

> "Application of basic principles of statutory construction forbids an enlargement of the classification of actionable injuries under the Dram Shop Act."

Throughout the case the Court implies a strict construction of the Act. In the Fortner case, the Court recognized the policy of liberal construction referred to in section 94 of the Act, as well as the theory of strict construction which is found in many of the cases. The Court did not, however, resolve the question as to which approach to the Dram Shop Act is the proper one.

In the case of Cruse v. Aden, 127 Ill 231, 239, 20 NE 73 (1889), referred to in the Howlett case, the Court stated:

> "The Dram Shop Act now under consideration is a statute of a highly penal character, and pro-

74

vides rights of action unknown to the common law, and should, according to well understood canons, receive a strict construction. (Citations.)"

The principle of strict construction was stated again in the more recent case of McCoy v. Spalding, 41 Ill App2d 292, 300, 19 NE2d 483:

"Since such statute (Dram Shop Act) is of a highly penal character, it should receive a strict construction."

■ Consequently, we conclude that as a matter of law, the Dram Shop Act should be strictly construed.

The question then arises as to those cited cases which at first blush seem to extend the Act in order to encompass their cause of action. A careful study of these cases will disclose that the set of facts contained in each creates the variable, but the law remains constant.

In the case at bar then, the question is whether or not the facts alleged in the complaint are within the purview of the Act as strictly construed. We feel they are not.

■ Nowhere do the pleadings allege a direct sale by the defendants to Herbert Allen Rittmeyer. Blackwell v. Fernandez, 324 Ill App 597, 59 NE2d 342 (leave to appeal denied, 326 Ill App IV); Stinson v. Edlen, 27 Ill App2d 425, 169 NE2d 682; nor does there appear an allegation to the effect that said Rittmeyer was present with Shelby Pettinger on the premises of the defndants at the time of the purchase. See Bennett v. Auditorium Bldg. Corp., 299 Ill App 139, 19 NE2d 626; Bell v. Poindexter, 336 Ill App 541, 84 NE2d 646; Blackwell v. Fernandez, supra. The allegations that "the defendants knew or reasonably should have known that Shelby Pettinger intended to furnish the beer to other persons and he would not drink four gallons of draft beer himself, and that on

75

prior occasions he had purchased from the defendants, . . . alcoholic beverages for the same group of young people, among whose members was Herbert Allen Rittmeyer, with funds contributed jointly by said group," does not allege a sale of alcoholic liquor to the deceased within the meaning of the Dram Shop Act, and therefore, the complaint herein fails to state a cause of action.

For the reasons herein stated, the order dismissing the complaint and entering judgment in favor of the defendants is affirmed.

Affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.