Etta M. Anderson, as Administrator of the Estate of Albert Anderson, Deceased, Etta M. Anderson, et al., as Administrator of the Estate of Doris Olson, Deceased, Lawrence Elliott and Louise Elliott, Plaintiffs-Appellants, v. Howard A. Dale, Defendant-Appellee.

Gen. No. 67–15.

Third District.

December 21, 1967.

Rehearing denied January 25, 1968.

Bull, Ludens & Potter, of Morrison, for appellants.

Wilson, Siebert, Lynaugh & Corcoran, and Wilson & Frederick, of Springfield, for appellee.

PER CURIAM opinion.

Plaintiffs brought this action pursuant to the Illinois Liquor Control Act, article VI, sections 12 and 14 (Ill Rev Stats c 43, § 131 and § 135). Section 12 pertains to certain unlawful sales of alcoholic beverages, and section 14, popularly known as the Dram Shop Act, pertains to civil liability for certain gifts or sales of alcoholic beverages. Defendant tavern keeper filed a motion for summary judgment, attaching certain depositions under oath in support of that motion, and the trial court granted the judgment for defendant. Plaintiffs appeal.

On July 16, 1961, certain of the plaintiffs, and certain of the plaintiffs' decedents, were involved in an automobile collision resulting in the injuries and deaths set forth in plaintiffs' complaint. The driver of the other vehicle, one Edward Bright, was eighteen years of age at the time of the collision, and according to the complaint, was intoxicated at the time of the collision. For purposes of this motion, Bright's intoxication is not challenged.

It is alleged, and the depositions attached to defendant's motion for summary judgment indicate, that Edward Bright became intoxicated on beer purchased by one Tom Carter, also a minor, from defendant's tavern. Edward Bright, Tom Carter, and other boys, all under age, combined their money for the purchase of the beer. Tom Carter took the money, went into defendant's tavern, and purchased the beer while the other boys remained outside in an automobile. Later there was a head-on impact between the automobile driven by Bright and the automobile in which plaintiffs and their decedents were riding.

Plaintiff's complaint alleges that Edward Bright was intoxicated at the time of the collision. It also alleges that the defendant ". . . unlawfully sold or gave intoxicating liquor which was consumed by the said Edward W. Bright and which caused, in whole or in part, his intoxication." There is no allegation that the sale of beer was made to the person of, or in the presence of, Bright.

Plaintiffs make two main points: First, it is contended that the Liquor Control Act should be construed so that any unlawful sale under section 12 of article VI to a minor in and of itself would impose liability on the tavern operator under section 14 of article VI. Second, Plaintiffs contend that the trial court erred in granting the summary judgment because the affidavits and depositions under oath of all witnesses to the gift or sale were not before the court when it ruled.

■ As to the first contention, Cunningham v. Brown, 22 Ill2d 23, 174 NE2d 153 (1961), clearly established that it was the legislative intent in enacting section 14 of article VI to create an exclusive remedy for civil damages. The Supreme Court said at 22 Ill2d 30: "We hold that Sec 14 of article VI of the Liquor Control Act provides the only remedy against tavern operators and owners of tavern premises for injuries to person, property, or means of support by an intoxicated person or in consequence of intoxication."

██ Plaintiffs concede this interpretation of Cunningham, but argue that where the sale of alcoholic beverage is unlawful, such as being in violation of section 12, we should interpret the Act to impose liability under section 14. This we do not believe we can or should do. Granting that a sale to a minor is unlawful, imposing this "unlawful" requirement on section 14 adds something that is not now necessary. "Unlawful" implies wrongful conduct, knowledge of a wrongdoing, and other far reaching concepts. As section 14 now stands, all that a plaintiff need prove by way of gift or sale is that the alcohol thus given or sold contributed in whole or in part to the intoxication of the person causing an injury. Whether the sale was lawful or unlawful is immaterial.

Plaintiffs' difficulty, apparent from their complaint and the depositions, is that the gift or sale of alcoholic beverage was not directly to the intoxicated person who caused plaintiff's injury. Rather, the sale was to a third person who paid for the beer with money, part of which belonged to the subsequently intoxicated person who caused the accident injuring Plaintiffs. A long line of cases have held that the gift or sale generally must be to the person who subsequently became intoxicated, or it is not actionable. Rittmeyer v. Anderson, 49 Ill App2d 71, 199 NE2d 463 (2nd Dist 1964), (a case almost identical to the factual situation in the instant matter) ; Stinson v. Edlen, 27 Ill App2d 425, 169 NE2d 682 (3rd Dist 1960) ; Blackwell v. Fernandez, 324 Ill App 597, 59 NE2d 342 (1st Dist 1945).

In Bell v. Poindexter, 336 Ill App 541, 84 NE2d 646 (3rd Dist 1949), the court was concerned with the adequacy of a pleading related to a gift or sale under section 14 of article VI, on facts not too different from the case before this court. There, the complaint alleged that one Ratliff or Graning, or both, purchased alcoholic beverages when one Charles Sparr was present, and that the defendant knew or had reasonable grounds to believe that the

said Charles Sparr would drink all or part of the liquor. Charles Sparr was the allegedly intoxicated person who caused plaintiff's injury. It was held that this allegation was legally sufficient to charge a gift or sale under section 14 of article VI. Plaintiffs rely on Bell, but the allegations of the complaint and the facts revealed in the depositions do not bring this case within the purview of Bell.

The statutory words used in section 14 of article VI, "by selling or giving alcoholic liquor," import a two-part transaction. See Gunderson v. First Nat. Bank, 296 Ill App 111, 16 NE2d 306 (1st Dist 1945). Included are a seller and a buyer, or a giver and a receiver. We do not mean to say that a plaintiff must prove all technicalities of a law governing a gift or a sale, or that a defendant tavern keeper may rely, by way of defense, upon those technicalities. However, we do believe that the Illinois authorities do require proof that the gift or sale was to a person that the tavern keeper knew, or had reason to know, was going to be a recipient and a consumer of the alcoholic beverage. Bell v. Poindexter, supra.

To now engraft upon section 14 of article VI a liability which would automatically attach where the sale of alcoholic beverage was unlawful, regardless of to whom this sale or gift is made, adds a dimension to "gift or sale" that we believe the legislature did not intend. Neither do we agree with appellant that the strict liability concept, as envisioned by our courts in Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182 (1965), or in the unwholesome food cases, require such a result. Those situations pertain to "evolved" court made law and not to an exclusive statutory action like that which governs here.

Finally, we must agree with the trial court's ruling on the motion supported by the depositions attached. The supporting evidence clearly and affirmatively shows that

the sale was to someone other than the person of whose intoxication plaintiffs complain. The plaintiffs argue that the judgment should not have been granted because all witnesses to the gift or sale were not heard from, but, plaintiffs filed no counteraffidavits to controvert those facts contained in the depositions considered by the court. Indeed, from the language of plaintiffs' complaint, it would appear that controverting facts were not present or available. From the record before us, and from the arguments of the parties, it is quite apparent that plaintiffs did everything they could in protecting their position in the trial court in regard to evidence on gift or sale. It is apparent that the fact situation on the sale involved simply does not meet the requirements for an actionable injury under the statute. Therefore, we believe that judgment for the defendant was properly granted.

For reasons stated, the judgment of the trial court is affirmed.

This opinion was submitted by Coryn, J., and is adopted as the opinion of the court.

Affirmed.