HIRAM ALBERTINA, Plaintiff-Appellee, *v.* MILDRED OWENS, Defendant-Appellant.

(No. 70-51; ■■■■■■■■■■

Fifth District—December 22, 1971.

Goldenhersh & Goldenhersh, of East St. Louis, (Michael A. Katz and Marvin W. Goldenhersh, of counsel,) for appellant.

James J. Massa, of Collinsville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The action before the court is a dram shop case in which the plaintiff Hiram Albertina received a judgment for $3,500 following a bench trial. The plaintiff was a passenger in an automobile which was struck by an automobile operated by Harold McTeer, the alleged intoxicated person. The defendant was the owner, operator and landowner of the dram shop involved. The issues on this appeal are whether there was a direct sale of alcoholic liquors to the alleged intoxicated person so as to establish liability under the Dram Shop Act and whether the amount of the judgment was excessive.

Plaintiff called Harold McTeer was a witness. He testified that at his place of employment there was maintained a refrigerator into which various employees placed beer, usually by the case but occasionally by the carton. When beer was removed the practice was to place a quarter in a container. The money thus accumulated covered the cost of the beer and an occasional fish fry. On the afternoon in question, Mr. McTeer purchased from defendant a carton of six bottles of beer at approximately 2:00 P.M. These bottles of beer were placed in the company refrigerator and during the course of the afternoon and evening Mr. McTeer consumed four or five of the beers in the refrigerator, putting a quarter in the container for each bottle of beer he removed.

McTeer testified that the beers purchased by him were stacked in the refrigerator on top of the bottles which were previously in the refrigerator and that of his own knowledge he drank some of the beer purchased by him at the defendant's establishment.

■■ Defendant concedes that while McTeer said that he was not intoxicated at the time of the occurrence that other witnesses testified that McTeer was intoxicated following the accident. Defendant contends that there is no direct evidence that McTeer consumed beer which he purchased from the defendant. The testimony of McTeer negates this contention; therefore, the rule requiring a direct sale to the person who subsequently becomes intoxicated was not violated by the trial judge. See *Anderson v. Dale*, 90 Ill.App.2d 332, 232 N.E.2d 767.

■■ The defendant lays stress on the fact that McTeer gave a statement which impeaches his testimony. McTeer is not a party but a witness. Statements given not in court, not under oath and not subjected to cross-examination are hearsay evidence. They are admitted as exceptions to the hearsay rule if they contradict a witness on matters material to the issue. This impeaching evidence, however, does not constitute substantive evidence of the assertions of fact which it contains; instead, it impeaches only the credibility of the witness against whom it is offered. (*People v. Collins*, (Ill.2d), 274 N.E.2d 77; *Smith v. Pelz*, 384 Ill. 446, 51 N.E.2d

534; *Oldham v. Kubinski,* 37 Ill.App.2d 65, 185 N.E.2d 270; and *Izzo v. Zera,* 57 Ill.App.2d 263, 205 N.E.2d 644.) The trier of fact has accepted the credibility of the witness McTeer, notwithstanding the impeaching evidence. This is peculiarly the function of the trier of fact. *Van Cleave v. Illini Coach Co.,* 344 Ill.App. 127, 100 N.E.2d 398; *Monroe v. Illinois Terminal R. Co.,* 346 Ill.App. 307, 105 N.E.2d 549.

■■ The defendant further contends that the "verdict" in the suit in question is grossly excessive.

The evidence shows that from the date of the occurrence in April 1969, to the time of the trial that the plaintiff required several medical treatments, was X-rayed and took various prescription medicines, that he had five or six migrain headaches since the occurrence, that his neck gets stiff occasionally and hurts from time to time. He lost six days from his employment at $32 per day, making total special damages of approximately $325.

The plaintiff's physician described his condition as being "a traumatic torticollis of whiplash plus possible migrain." He anticipated that it would be of indefinite duration. The plaintiff's physician was rigorously cross-examined. The trial judge, of course, had a superior opportunity to see and hear this testimony and to determine its truthfulness, and therefore the amount of weight which should be attributed to it. It is difficult to say the precise point at which the judgment of the court becomes "grossly excessive." There is nothing in the circumstances presented in the case at bar which provides a basis to make the rules usually applicable to the judgment of a trial judge hearing a case as the trier of fact inapplicable. Accordingly, we must adhere to the rule as set forth in 2 I. L. & P., Appeal and Error, Section 782, "* * * the reviewing court will not disturb an award of damages unless the verdict is so excessive or palpably excessive as to indicate that the jury were moved by prejudice, passion, or improper motive, or so flagrantly outrageous and extravagant as to strike everyone with the enormity and injustice of it, or unless the award is not supported by the facts in the record and the court is convinced that it is excessive, or it is apparent from the record that the damages assessed are out of due proportion to the injury and the loss proximately resulting therefrom."

Judgment affirmed.

EBERSPACHER, P. J., and MORAN, J., concur.