NANCY S. WELCH, Plaintiff-Appellant, v. CONVENIENT FOOD MART #550 et al., Defendants-Appellees.—MARILYN R. QUAID, Adm'r of the Estate of Rebecca Jo Quaid, Deceased, et al., Plaintiffs-Appellants, v. CONVENIENT FOOD MART #550 et al., Defendants-Appellees.—NANCY D. BURK, a Minor, by Mary Burk, her Mother and Next Friend, Plaintiff-Appellant, v. CONVENIENT FOOD MART #550 et al., Defendants-Appellees.

Fourth District    No. 17484

Opinion filed May 12, 1982.

Ray Moss, of Herrick, Rudasill & Moss, and Philip R. Lamkin, of Lamkin and Lamkin, both of Clinton, and Loren Thomson, of Thomson, Weintraub & Thompson, of Bloomington, for appellants.

John P. Lynaugh, of Springfield, for appellees.

JUSTICE LONDRIGAN delivered the opinion of the court:

Nancy S. Welch, Mary Beth Quaid, and Nancy D. Burk were injured and Rebecca Jo Quaid was killed when their car collided with one driven by David Grover, who allegedly was intoxicated at the time. The trial court granted Convenient Food Mart No. 550 and Champaign National Bank's motion for summary judgment because the intoxicant was sold not to David Grover but rather to his twin brother, who shared it with him. This appeal does not involve the plaintiffs' actions against David Grover.

The plaintiffs are suing under article VI, section 14, of the Liquor Control Act (Ill. Rev. Stat. 1979, ch. 43, par. 135), which provides:

> "Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. * * * An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person resulting as aforesaid."

Although the statute does not say that the sale or gift must be made directly to the person who causes the harm (*Tate v. Coonce* (1981), 97 Ill. App. 3d 145, 149, 421 N.E.2d 1385, 1388-89), and indeed is silent on what sales and gifts fall within its scope, the courts have limited, by a variety of rules, the group of persons for whom the dramshops are responsible. The spoken or unspoken intent is that dramshops should not be required to insure the consumption of alcohol in general. Several cases have held that a direct sale is necessary. (*Albertina v. Owens* (1971), 3 Ill. App. 3d 703, 279 N.E.2d 70; *McCoy v. Spalding* (1963), 41 Ill. App. 2d 292, 190 N.E.2d

483; *Blackwell v. Fernandez* (1945), 324 Ill. App. 597, 59 N.E.2d 342.) Under this rule, however, a dramshop operator will escape liability even when, for example, he knows that someone other than the purchaser will also consume the alcohol.

To avoid this result, another line of cases has imposed liability when the purchaser of the intoxicant shared it with the alleged intoxicated person (AIP) who caused the harm. Some cases require that the AIP be present at the sale (*Anderson v. Dale* (1967), 90 Ill. App. 2d 332, 232 N.E.2d 767; *Rittmeyer v. Anderson* (1964), 49 Ill. App. 2d 71, 199 N.E.2d 463), but other decisions do not require the AIP's presence. Thus, *Tate* found liability because the dramshop operator knew or had reason to know that beer purchased by several persons at different times would be shared with her husband, the AIP, who was drinking in a garage 30 to 40 feet from the tavern. *Tate* said that the AIP's presence is relevant in determining knowledge but should not be a separate requirement.

Citing *Peterson v. Jack Donelson Sales Co.* (1972), 4 Ill. App. 3d 792, 281 N.E.2d 753, the plaintiffs argue that a seller of package liquor, such as Convenient, should expect that a purchaser may share his purchase with others; package-liquor stores therefore function as portable dramshops, for the purchase is generally taken elsewhere for consumption. In *Peterson* the plaintiff's decedent attended a union picnic, became intoxicated from beer that was available there, and was killed in a car crash later that day. The appellate court reversed the grant of summary judgment for the defendant. The complaint alleged that the beer was sold to the members of the union and that the defendant knew or should have known that union members would be drinking it; the plaintiff's decedent was a member. The defendant's employees did not serve the beer to the picnickers; rather, they drove a truck or van to the site, opened several half-barrels, left the area, and returned at the end of the day to remove the truck and its contents. The court concluded that although the defendant had not dispensed the beer, "the defendant as a wholesaler for all practical purposes, provided a dram shop where the plaintiff's decedent and others could become intoxicated." (4 Ill. App. 3d 792, 797, 281 N.E.2d 753, 756.) The court viewed the truck, with its supply of ice, cups, and barrels, as a mobile dramshop sent by the defendant to the picnic grounds. We find *Peterson* inapplicable, for in this case the purchase was taken from the store by the purchaser; Convenient did not send out a truck.

■■ We conclude that liability may be imposed when the dramshop operator knows or should know that the AIP will be a consumer of the intoxicant. This rule requires more than knowing merely that unspecified, absent persons will be drinking; the dramshop must have actual or constructive knowledge that a particular person will be drinking. An

exception to this rule arises in cases such as *Peterson*, when the dramshop, by its method of distributing alcohol, in effect gives up the opportunity to refuse service to anyone.

■■ Applying this rule to the facts here, we conclude that summary judgment was appropriate; although the trial court said that a direct sale was necessary, the documents on file fail to present a question of fact even under our broader rule.

According to the depositions of David and Daniel Grover, which accompanied the defendants' motion for summary judgment, David Grover parked their car in front of the Convenient store and Daniel went in by himself to buy beer. As Daniel entered the store, David and another person left the car to use the restroom at a gas station across the street. Two girls remained in the car. Daniel returned to the car with two 12-pack cartons of beer and David and the other person returned shortly after that. The depositions go on to describe the events leading up to the accident later that day. These depositions and the complaints were the trial court's only sources of information about the sale.

The plaintiffs' allegations that Convenient knew or should have known that the purchaser, Daniel Grover, would share the beer with other persons[1] are insufficient to raise a question of fact against the unrebutted statements in the depositions, for under the rule stated above, the dramshop must have more exact knowledge: not that the alcohol may be shared with an unseen and undesignated person but that it may be shared with the AIP. The pleadings and depositions failed to show that Convenient knew, actually or constructively, that Daniel Grover would share the beer with his brother David, the AIP.

Affirmed.

GREEN, P. J., and WEBBER, J., concur.

---

[1] The Quaid and Welch complaints allege that Daniel bought the beer and that Convenient knew or should have known that he would share it with others; the Burk complaint alleges a sale to David. In their joint brief the plaintiffs treat all three complaints as based on a sale to Daniel. Summary judgment is proper under either set of facts.