Elizabeth ECKES and Richard Eckes, John Deere Company, Plaintiffs-Respondents,

v.

David KEITH D/B/A Fury's Saloon, Defendant-Appellant.†

Court of Appeals

*No. 87–0376. Submitted on briefs September 14, 1987.—*
*Decided January 28, 1988.*

(Also reported in 420 N.W.2d 417.)

† Petition to review denied.

■

For the defendant-appellant the cause was submitted on the briefs of *Thomas R. Streifender* and *Margaret H. Schulz* of *Gibbs, Roper, Loots & Williams,* of Milwaukee.

For the plaintiffs-respondents the cause was submitted on the brief of *Jeffrey W. Jensen* of *Gerald R. Turner & Associates, S.C.,* of Milwaukee.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J.  We granted defendant's petition for leave to appeal the trial court's order denying his motion for summary judgment. Plaintiff was injured on November 30, 1982 when she fell off a bar stool while attempting to start a fight. She sued the bartender, alleging he was negligent because he served her alcoholic beverages knowing that she was intoxicated. The issue is whether we should change the long-standing rule that alcohol vendors are not liable for injuries caused by intoxicated persons to whom they serve alcohol. We conclude we should not, and therefore reverse.

Trial and appellate courts are required to follow the summary judgment methodology described in *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–116, 334 N.W.2d 580, 582–83 (Ct. App. 1983). The first step of that methodology is to examine plaintiff's complaint to determine whether it states a claim. *Id.* This step is dispositive of this appeal because we conclude that defendant is not liable for plaintiff's damages.[1]

---

[1]Plaintiff's complaint also alleges a cause of action for "maliciously refus[ing] to call an ambulance" after plaintiff was

Several cases have discussed the liability of alcohol vendors to persons injured as a result of the imbiber's intoxication. *Dillon v. Linder,* 36 Wis. 344, 349 (1874) held that in the absence of a statute giving her a right of action, the plaintiff could not recover for injuries she suffered as a result of defendant's sale of intoxicants to her husband. That rule of nonliability continued through 1983, *Hennes v. Loch Ness Bar,* 117 Wis. 2d 397, 398, 344 N.W.2d 205 (Ct. App. 1983), even though by 1934 the legislature had prohibited the sale of intoxicants to intoxicated persons. Section 1, ch. 207, Laws of 1933, creating sec. 66.05(10)(h)3, Stats; sec. 1, ch. 13, Laws of Special Session 1933–34, creating sec. 176.30(1), Stats.

Though at one time the rationale for alcohol vendor nonliability was that the sale of alcohol was not the proximate cause of injuries caused by intoxicated persons, even after proximate cause was abandoned in *Pfeifer v. Standard Gateway Theater, Inc.,* 262 Wis. 229, 240, 55 N.W.2d 29, 35 (1952), nonliability continued. *Garcia v. Hargrove,* 46 Wis. 2d 724, 732–33, 176 N.W.2d 566, 570 (1970). The reason for continued nonliability was public policy, the court concluding that intoxication was a social problem, not a legal one. *Garcia,* 46 Wis. 2d at 733, 176 N.W.2d at 570.

In 1984, the supreme court reconsidered alcohol vendor nonliability in *Sorensen v. Jarvis,* 119 Wis. 2d 627, 646, 350 N.W.2d 108, 118 (1984). The court said:

> [W]e hold that, where there is sufficient proof at trial, a vendor who negligently supplies intoxicat-

---

injured, and causes of action in favor of plaintiff's husband and the John Deere company. These three causes of action were not argued in the trial court or in this court, and are therefore deemed abandoned. *Young v. Young,* 124 Wis. 2d 306, 317, 369 N.W.2d 178, 182 (Ct. App. 1985).

ing beverages to a minor and the intoxicants so furnished cause the minor to be intoxicated or cause the minor's driving ability to be impaired shall be liable to third persons in the proportion that the negligence in selling the beverage was a substantial factor in causing the accident or injuries as determined under the rules of comparative negligence. (Footnote omitted).

However, after considering alcohol vendors' reliance on the previous rule of nonliability, the court made its holding prospective only:

[W]e conclude that the rule of liability adopted herein, specifically overruling *Garcia I* and *II* and *Olsen v. Copeland,* which perpetuated the common-law rule of nonliability, should be prospective. By this, we mean that, with the exception of the claims at issue here, there shall be liability only for the acts of negligence of a vendor selling to a minor on or after September 1, 1984.

*Sorensen,* 119 Wis. 2d at 648, 350 N.W.2d at 119.

Plaintiff recognizes that whether alcohol vendors will be liable for injuries caused by consumption of alcohol is a question of public policy, and asks us to take the same step here, for an intoxicated person, that the supreme court took for a person injured by an intoxicated minor in *Sorensen.* We decline to do so.

In response to *Sorensen,* the legislature enacted sec. 125.035(2), Stats., which provides:

A person is immune from civil liability arising out of the act of procuring alcohol beverages for or selling, dispensing or giving away alcohol beverages to another person.

Section 4, 1985 Wis. Act 47, eff. November 5, 1985. *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 573, 335 N.W.2d 834, 840 (1983) defined public policy:

> Public policy is a broad concept embodying the community common sense and common conscience. *Merten v. Nathan*, 108 Wis. 2d 205, 213, 321 N.W.2d 173 (1982). The provisions of the Wisconsin Constitution initially declared the public policies of this state. Each time the constitution is amended, that also is an expression of public policy. *In addition, public policy is regularly adopted and promulgated in the form of legislation.* (Emphasis added.)

At the time of plaintiff's injury, defendant was not liable to plaintiff because of the public policy expressed in *Garcia*. At the time of the trial court's order, sec. 125.035(2), Stats., had reinstated vendor immunity from civil liability. Although a fourteen month "window" of liability may have existed between *Sorensen's* effective date and the adoption of sec. 125.035(2), *Sorensen* applies only "for the acts of negligence of a vendor selling to a minor on or after September 1, 1984."[2] *Sorensen*, 119 Wis. 2d at 648, 350 N.W.2d at 119. Plaintiff's injury occurred November 30, 1982.

The supreme court has rejected an attempt to circumvent the prospective ruling in *Sorensen:*

> This court considered whether to give retroactive effect to the new rule of law expressed in *Sorensen*. We determined that the rule of vendor liability should be prospectively applied, in addi-

---

[2]Because plaintiff's injury occurred prior to September 1, 1984, we need not consider whether sec. 125.035(2) is retroactive to September 1, 1984.

tion to its application to the parties in the cases then before us. "[T]here shall be liability only for the acts of negligence of a vendor selling to a minor on or after September 1, 1984." *Sorensen,* 119 Wis. 2d at 648. The alleged act of negligence at issue here—the serving of alcoholic beverages by Vanden Langenberg to the minor Collins—occurred on March 26, 1978. The rule expressed in *Sorensen* has no application to the facts before us and must not be brought to bear on the retrial of the liability issue.

*Delvaux v. Vanden Langenberg,* 130 Wis. 2d 464, 492, 387 N.W.2d 751, 763–64 (1986).[3]

To succeed, plaintiff must not only convince us to adopt *Sorensen's* declaration of public policy in the face of a legislative reversal of that policy, but we must also overrule *Sorensen's* holding that fairness factors require prospective application of a change in the common-law rule of nonliability. *Sorensen,* 119 Wis. 2d at 648, 350 N.W.2d at 119. We may not do this. *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984).

The trial court concluded that *Garcia* and *Sorensen* were not applicable because those cases involved third parties injured by intoxicated persons, and plaintiff here was allegedly injured by the negligence of defendant. That distinction relies on the "proximate cause" reason for denying liability, a reason *Garcia* recognized no longer existed. The "public

---

[3]The court adopted a narrow exception to the prospective holding of *Sorensen* in *Harmann v. Hadley,* 128 Wis. 2d 371, 374, 382 N.W.2d 673, 674 (1986). Its decision rested on its denial of Harmann's petition to bypass because *Sorensen,* raising the same issue as *Harmann,* was already scheduled for oral argument. *Harmann's* narrow exception does not apply here.

policy" reason for nonliability, expressed in *Garcia,* overturned in *Sorensen,* and reinstated in sec. 125.035(2), Stats., applies equally to injuries to alcohol consumers and to those injured by alcohol consumers.

Because plaintiff's complaint alleges that defendant sold her alcohol and that her injuries were sustained due to alcohol consumption, we reverse the trial court's order denying defendant's motion for summary judgment and remand with instructions to grant that motion.

*By the Court.*—Order reversed, and cause remanded with instructions to dismiss plaintiff's complaint.