870 P.2d 1281

Jocelyn Delos **REYES,** Individually and as Guardian Ad Litem for Tiffany Nicole Delos Reyes, a minor, Plaintiff–Appellant,

v.

Yukiko **KUBOYAMA** dba Kapaʻa Liquor and Wine Company, Defendants–Appellees,

and

Corey **Medeiros,** Defendant.

No. 15408.

Supreme Court of Hawaiʻi.

April 6, 1994.

Kurt R. Bosshard, Lihue, Kauai, for plaintiff-appellant.

Calvin K. Murashige of Shiraishi Yamada & Murashige, Lihue, Kauai, for defendants-appellees.

Before LUM, C.J.,* MOON, KLEIN, and LEVINSON, JJ., and HEEN, Intermediate Court of Appeals Associate Judge, Assigned by Reason of Vacancy.

MOON, Chief Justice.

Plaintiff–Appellant Jocelyn Delos Reyes (appellant), individually and as guardian ad litem for Tiffany Nicole Delos Reyes (Tiffany), appeals from the circuit court's order granting summary judgment in favor of de-

---

* Chief Justice Lum, who heard oral argument in this case, retired from the bench on March 31, 1993. *See* HRS § 602–10 (1985).

fendant-appellee Yukiko Kuboyama dba Kapaʻa Liquor and Wine Company (Kuboyama). Kuboyama, a package store owner and operator on Kauaʻi, sold beer to two minors, in violation of the state liquor control statute, Hawaiʻi Revised Statutes (HRS) chapter 281. The two minors, in the company of several other teenagers, held a party at which the beer was consumed. Following the party, Tiffany, who at that time was fifteen years of age, accepted a ride home from a minor who had consumed beer at the party, but who was not one of the two minors who had earlier purchased the beer from Kuboyama. The vehicle in which Tiffany was riding was subsequently involved in an accident, and Tiffany was seriously injured.

Appellant filed suit against both the driver, defendant Corey Medeiros (Corey),[1] and Kuboyama. Kuboyama moved to dismiss the complaint for failure to state a claim upon which relief could be granted, or, in the alternative, for summary judgment on the ground that Kuboyama owed no duty to Tiffany under the circumstances of this case. The circuit court agreed, granting summary judgment in favor of Kuboyama, and Tiffany appealed.

Because we conclude that Kuboyama owed a duty to Tiffany not to sell liquor to a minor in violation of HRS chapter 281, we vacate the grant of summary judgment and remand this case for further proceedings.

## I. BACKGROUND

Kuboyama owns and operates Kapaʻa Liquor and Wine Company in Kapaʻa, Kauaʻi and is licensed by the County of Kauaʻi to sell liquor in its original packaging.

On the evening of November 17, 1989, Kuboyama sold at least two cases of cold beer to two nineteen year old minors, Jose Igaya (Jose) and Howard Kamoku, Jr. (Howard). Kuboyama did not ask either boy for verification that he was at least twenty-one years of age. Corey, who was eighteen years old at the time, was the driver of the car in which Jose and Howard were riding. Corey stayed in the car and did not enter Kuboyama's store.

After buying the beer from Kuboyama, the boys bought more beer at another store and proceeded to Howard's home for a party. Among the other teenagers at the party were Howard's brother, Jason Kamoku (Jason), and Tiffany, Jason's friend.

It is unclear exactly how long Tiffany attended the party. Most of the witnesses indicated that she was there "off and on." There also does not appear to be any evidence that Tiffany drank any alcohol while at the party. However, she was there when the party ended in the early morning hours on November 18, 1989.

There is evidence that Corey was inebriated by the end of the party; however, it was nonetheless agreed that he would drive several of the participants home, including Tiffany. Shortly after leaving Howard's home, Corey allegedly lost control of his vehicle and crashed off the road, causing Tiffany unspecified "serious and permanent injuries."

On January 24, 1990, appellant brought suit, individually and on behalf of Tiffany, against Corey in the Fifth Circuit Court. On September 7, 1990, Kuboyama was cited by the Liquor Control Commission of the County of Kauaʻi for violating HRS § 281-78(a)(2)(A) (1985) and fined $1,200.00.[2]

On November 1, 1990, appellant filed an amended complaint, adding Kuboyama as a

---

1. Corey is not a party to this appeal.

2. Prior to June 19, 1990, HRS § 281-78(a)(2)(A) provided:

   (a) At no time under any circumstances shall any liquor:
   . . . .
   (2) Be sold or furnished by any licensee to:
   (A) Any minor.

The definitions section of chapter 281, HRS § 281-1, defines a "minor" as "any person below the age of twenty-one years."

On June 19, 1990, Act 171 amended HRS § 281-78 so that, among other things, the foregoing § 281-78(a)(2)(A) language now comes under § 281-78(b)(1)(A). Substantively, however, Act 171 did not change the § 281-78 language at issue in the instant case. The legislature itself noted that this particular change was one of a number of "technical, nonsubstantive amend-

defendant. On December 20, 1990, Kuboyama filed a motion to dismiss the complaint against her for failure to state a claim upon which relief could be granted, or, in the alternative, for summary judgment. Kuboyama essentially argued that she owed no duty to Tiffany under the particular circumstances of this case.

The circuit court treated Kuboyama's motion as one for summary judgment and concluded, apparently relying primarily on this court's decision in *Winters v. Silver Fox Bar*, 71 Haw. 524, 797 P.2d 51 (1990), that minors are not part of the class protected by HRS § 281–78(a)(2)(A), and therefore, that Kuboyama did not owe a tort duty to Tiffany in the present case.

The court entered its order granting summary judgment in favor of Kuboyama on June 3, 1991. Tiffany now appeals from that order.

## II. *STANDARD OF REVIEW*

■ On appeal, an order of summary judgment is reviewed under the same standard applied by the trial courts. Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Kaneohe Bay Cruises, Inc. v. Hirata*, 75 Haw. 250, 258, 861 P.2d 1, 6 (1993).

## III. *DISCUSSION*

As previously noted, the circuit court apparently concluded that Kuboyama owed no duty to Tiffany under the circumstances because minors who violate the statute are not within the class protected by HRS § 281–78(a)(2)(A). Tiffany argues that she was in fact an innocent third party and that such third parties comprise the exact class the statute is meant to protect. Implicit in Tiffany's argument is a claim that the circuit court was confused in its interpretation of

ments ... made for purposes of style and clarity." Sen.Conf.Comm.Rep. No. 131, in 1990 Senate Journal, at 822. Because the present case

the statute as applied to the situation presented in this case.

On the other hand, Kuboyama contends that the circuit court at least correctly determined that she owed no duty to Tiffany under the circumstances of this case. Kuboyama appears to rely on both of the following arguments: (1) that there is at present no duty under any circumstances to injured third parties on the part of licensee-violators of § 281–78(a)(2)(A), and this court should refuse to recognize such a duty; and (2) because the minor who caused the damage here (Corey) was not the same minor to whom she had sold the beer in violation of the statute. Kuboyama cannot be held liable to Tiffany for any damage Corey may have caused.

Tiffany correctly asserts that the circuit court relied on the wrong reason in granting summary judgment to Kuboyama. Although we ruled in *Winters* that a minor who purchases liquor in violation of the statute has no claim against a liquor licensee for any subsequent injury to himself or herself, Tiffany has brought suit as an innocent third party and not as a minor who purchased liquor in violation of the statute and subsequently injured herself.

■ However, we have also ruled that where the circuit court's decision is correct, its conclusion will not be disturbed on the ground that it gave the wrong reason for its ruling. *Brooks v. Minn*, 73 Haw. 566, 576–77, 836 P.2d 1081, 1087 (1992); *Shea v. City and County of Honolulu*, 67 Haw. 499, 507, 692 P.2d 1158, 1165 (1985); *Agsalud v. Lee*, 66 Haw. 425, 430, 664 P.2d 734, 738 (1983). This court may affirm a grant of summary judgment on any ground appearing in the record, even if the circuit court did not rely on it. *Waianae Model Neighborhood Area Ass'n v. City and County of Honolulu*, 55 Haw. 40, 43, 514 P.2d 861, 864 (1973); *McCarthy v. Yempuku*, 5 Haw.App. 45, 52, 678 P.2d 11, 16 (1984). Therefore, if Kuboya-

concerns incidents that occurred in 1989, we will continue to refer to § 281–78(a)(2)(A), the version of the statute then in force.

ma is correct in her assertion that she owed no duty to Tiffany as an injured third party on the facts of this case, then we must affirm the circuit court's grant of summary judgment to Kuboyama.

Both Tiffany and Kuboyama combine and, thus, confuse two separate questions: (1) whether there is a duty to innocent third parties on the part of a licensee not to sell liquor to a minor in violation of HRS § 281-78(a)(2)(A); and (2) if there is such a duty, whether it covers the instant situation where an innocent third party is injured by an intoxicated minor other than the minor to whom the liquor was sold.

Proper disposition of this case depends on the answer to question No. 2 because Corey was not the minor who had purchased the beer from Kuboyama. However, the second question would necessarily be moot if the answer to the first question is in the negative. This court has yet to rule on either of the specific questions presented here.

A. *Is there a duty to innocent third parties on the part of a licensee not to sell liquor to a minor in violation of HRS § 281-78(a)(2)(A)?*

█ Tiffany presents three reasons why this court should recognize a duty to innocent third parties on the part of licensee-violators of HRS § 281-78(a)(2)(A):

(1) The Hawai'i legislature intended to protect the general public, including innocent third parties injured by intoxicated minors, when it raised the minimum drinking age from eighteen to twenty-one years in 1986;

(2) Because this court has already recognized a similar duty to innocent third parties under HRS § 281-78(a)(2)(B) [3] in *Ono v. Applegate*, 62 Haw. 131, 612 P.2d 533 (1980), we should now logically extend the duty found in *Ono* to include § 281-78(a)(2)(A); and

(3) Courts in other jurisdictions have already recognized such a duty.

In support of her first reason, Tiffany cites to both federal and state legislative history in an attempt to show that both Congress and the Hawai'i legislature had the safety of the general public foremost in mind when they each decided to raise the minimum drinking age to twenty-one. Conversely, Kuboyama counters Tiffany's argument by also citing legislative history and to our decision in *Winters*, where we stated that

the primary and overriding motivation for the legislature to raise the legal drinking age to twenty-one years was to comply with the Federal mandate requiring all states to make unlawful the 'purchase or public possession ... of any alcoholic beverage by a person who is less than twenty-one years of age' or suffer the consequences of federal highway funds being withheld.

*Winters*, 71 Haw. at 532, 797 P.2d at 55 (citation omitted). Although raising the minimum drinking age in 1986 may have been primarily motivated by the federal mandate, it does not mean that the antecedent decision to single out minors as a class was not to also protect the general public from the dangers of, for example, drunk driving by minors. Nevertheless, the legislative history concerning the raising of the minimum drinking age is ultimately irrelevant to the issue at hand as indicated below.

Relying on *Ono* as support for her second reason, Tiffany argues that because this court in *Ono* has held that innocent third parties comprise the protected class under HRS § 281-72(a)(2)(B), which forbids licensees from selling or furnishing liquor to "any person at the time under the influence of liquor," we should now extend that duty to include HRS § 281-78(a)(2)(A), which prohibits the sale of liquor to minors.

In *Ono*, we ruled that if a tavern or dram

---

**3.** HRS § 281-78(a)(2)(B) provides in relevant part that "[a]t no time under any circumstances shall any liquor ... [b]e sold or furnished by any licensee to ... [a]ny person at the time under the influence of liquor[.]"

shop[4] violated § 281–78(a)(2)(B) by serving liquor to a person who it knew or reasonably should have known was under the influence of intoxicating liquor, then the dram shop had, at the same time, breached a duty to any subsequently injured third party. *Ono*, 62 Haw. at 139, 612 P.2d at 540.

We recognized in *Ono* that the liquor control statute, HRS chapter 281, did not itself provide for such a tort duty on the part of dram shop operators. However, we pointed out that general principles of tort law, as embodied in the *Restatement (Second) of Torts*, recognized that a tort duty could be judicially adopted from a legislative enactment, and we noted with approval that

> "[e]ven where a legislative enactment contains no express provision that its violation shall result in tort liability, and no implication to that effect, the court may, and in certain types of cases customarily will, adopt the requirements of the enactment as the standard of conduct necessary to avoid liability for negligence[.]"

*Id.* at 138, 612 P.2d at 539 (quoting *Restatement (Second) of Torts*, § 285, comment (c)). We thus held that § 281–78(a)(2)(B) "does impose a duty upon a tavern keeper not to serve a person under the influence of liquor." *Id.*

We have made it explicit, in subsequent decisions, that the protected class we recognized in *Ono* comprises any innocent third persons, that is, the general public. In *Bertelmann v. Taas Associates*, 69 Haw. 95, 101, 735 P.2d 930, 934 (1987), we stated that "HRS § 281–78(a)(2)(B) ... [was] created to protect the general public from drunk driving accidents," and in *Winters*, we noted that

HRS § 281–78(a)(2)(B) ... created a duty upon commercial liquor suppliers not to serve a person under the influence of alcohol and that such sale or service of alcohol may be a proximate cause of injuries inflicted upon those within the protected class, i.e. innocent third persons.

*Winters*, 71 Haw. at 527, 797 P.2d at 52.

Tiffany argues that if a liquor supplier breaches its duty under HRS § 281–78(a)(2)(A) not to sell liquor to minors, the supplier should be held liable to an innocent third party injured as a result. Citing *Winters*, Tiffany further argues that because we precluded the offending minor himself from being included in the class protected by the statute, this must leave the general public—that is, the class of all innocent third parties—as the only logical protected class. Therefore, she contends that innocent third parties, like herself, should be allowed to bring tort actions predicated on a liquor supplier's violation of HRS § 281–78(a)(2)(A). We find persuasive Tiffany's contention that § 281–78(a)(2)(A), like subsection (a)(2)(B), protects the class of innocent third persons.

In support of her third reason, that many other jurisdictions recognize a duty to innocent third persons on the part of licensees not to sell liquor to a minor in violation of a liquor control statute, Tiffany cites six relevant cases from other jurisdictions.[5] In addition, we have found at least fourteen other jurisdictions that have recognized that when a licensee violated a liquor control statute by selling liquor to a minor, that licensee has also breached a duty to innocent third parties injured as a result.[6] Thus, at least twenty other jurisdictions across the country have

---

**4.** As we noted in *Winters*, "[a] dram shop is '[a] drinking establishment where liquors are sold to be drunk on the premises; a bar or saloon.' *Black's Law Dictionary* 444 (5th ed. 1979)." 71 Haw. at 526 n. 6, 797 P.2d at 52 n. 6.

**5.** *See Thompson v. Victor's Liquor Store, Inc.*, 216 N.J.Super. 202, 523 A.2d 269 (1987); *Morris v. Farley Enterprises, Inc.*, 661 P.2d 167 (Alaska 1983); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn.1981); *Davis v. Billy's Con-Teena, Inc.*, 284 Or. 351, 587 P.2d 75 (1978) (superseded by statute as stated in *Gattman v.*

*Favro*, 306 Or. 11, 757 P.2d 402 (1988)) (negligence per se rule of *Davis* replaced by statute with reasonable person standard); *Floyd v. Bartley*, 727 P.2d 1109 (Colo.1986); and *Munford, Inc. v. Peterson*, 368 So.2d 213 (Miss.1979).

**6.** *See Hart v. Ivey*, 102 N.C.App. 583, 403 S.E.2d 914 (1991), *aff'd*, 332 N.C. 299, 420 S.E.2d 174 (1992); *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61 (1990); *Huston v. Konieczny*, 52 Ohio St.3d 214, 556 N.E.2d 505 (1990); *Whitlaw v. Kroger Co.*, 306, S.C. 51, 410 S.E.2d 251 (1992); *Sorenson v. Jarvis*, 119 Wis.2d 627, 350 N.W.2d

recognized a duty on the part of a licensee not to sell liquor to a minor in violation of a liquor-control statute. We were persuaded in *Ono* by "the clear trend demonstrated" by cases from some twenty-one different jurisdictions that had acknowledged a dram shop duty which we recognized based on HRS § 281–78(a)(2)(B). *Ono*, 62 Haw. at 136, 612 P.2d at 538. And, as we stated in *Winters*, the *Ono* court had also been "[p]ersuaded by public policy reflecting a clear judicial trend across the nation to allow such a cause of action[.]" *Winters*, 71 Haw. at 527, 797 P.2d at 52. Here, we find persuasive these cases from twenty other jurisdictions that demonstrate a clear national trend toward recognition of the duty urged upon us by Tiffany.

In rebuttal, Kuboyama presents the following contentions:

(1) There presently exists no such duty in Hawai'i, and this court should not recognize one, especially considering the trend of our decisions in the wake of *Ono*;

(2) Kuboyama had no duty to Tiffany because Corey was not the minor to whom the beer was sold;

(3) Tiffany was not an innocent third party;

(4) Courts in other jurisdictions have refused to recognize a duty on the part of a licensee-violator when the injuries have been caused by someone other than the minor to whom liquor was sold.

We previously stated that we must first decide whether there is a duty to innocent third parties on the part of a licensee not to sell liquor to a minor, and if so, whether that duty applies when injuries are caused by an intoxicated person other than the minor to whom the liquor was sold. Because Kuboyama's second and fourth contentions concern the latter inquiry, we will reserve discussion until the next section of this opinion. Kuboyama's third contention that Tiffany was not an innocent party essentially involves a factual issue which would only arise if we first recognized that a licensee-violator does in fact owe a duty to innocent third parties injured as the result of an illegal sale; and in that event, the parties would need to litigate the issue of Tiffany's innocence along with all other disputed factual issues. Thus, only Kuboyama's first contention is relevant to the current discussion.

Kuboyama argues that our decisions in *Bertelmann, Feliciano v. Waikiki Deep Water, Inc.*, 69 Haw. 605, 752 P.2d 1076 (1988), and *Winters* demonstrate this court's reluctance to extend the holding of *Ono*. In *Bertelmann*, we refused to extend the duty recognized in *Ono* to cover any injuries suffered by the intoxicated customer himself. We held that a customer who becomes voluntarily intoxicated, even if served liquor in violation of HRS § 281–78(a)(2)(B), is not within the class of persons protected by the statute. *Bertelmann*, 69 Haw. at 100, 735 P.2d at 933.

In *Feliciano*, we ruled that the *Bertelmann* holding also covered a situation where the intoxicated customer had been actively solicited to buy more drinks by the tavern, in obvious violation of the liquor control statute. In *Winters*, we extended the *Bertelmann* holding to cover the situation of an injured

108 (1984) (superseded by statute as stated in *Eckes v. Keith*, 143 Wis.2d 209, 420 N.W.2d 417 (1988)); *Kwiatkowski v. Capitol Indem. Corp.*, 157 Wis.2d 768, 461 N.W.2d 150 (1990)) (statute not eliminating innocent third party's action against commercial supplier of liquor); *Migliori v. Crown Liquors of Broward, Inc.*, 448 So.2d 978 (Fla.1984); *Michnik–Zilberman v. Gordon's Liquor, Inc.*, 14 Mass.App. 533, 440 N.E.2d 1297 (1982), *aff'd*, 390 Mass. 6, 453 N.E.2d 430 (1983); *Matthews v. Konieczny*, 515 Pa. 106, 527 A.2d 508 (1987); *Purchase v. Meyer*, 108 Wash.2d 220, 737 P.2d 661 (1987); *Bowling v. Popp*, 536

N.E.2d 511 (Ind.App. 1 Dist.1989); *Ross by Kanta v. Scott*, 386 N.W.2d 18 (N.D.1986); *Montgomery v. Orr*, 130 Misc.2d 807, 498 N.Y.S.2d 968 (1986); *Pardey v. Boulevard Billiard Club*, 518 A.2d 1349 (R.I.1986); *Chausse v. Southland Corp.*, 400 So.2d 1199 (La.App.1981), *cert. denied*, 404 So.2d 278, 404 So.2d 497, 404 So.2d 498 (La.1981). *See generally* Annotation, *Common–Law Right of Action for Damage Sustained by Plaintiff in Consequence of Sale or Gift of Intoxicating Liquor or Habit–Forming Drug to Another*, 97 A.L.R.3d 528, §§ 6–9 (1980 and Supp.1992).

intoxicated minor who had been sold liquor by the licensee-dram shop in violation of HRS § 281-78(a)(2)(A). We held that even a minor who was sold liquor in violation of subsection (a)(2)(A) was not part of the class meant to be protected by that statute if he had become voluntarily intoxicated and injured himself, as had the plaintiffs in *Bertelmann* and *Feliciano*.

The issue in the present case concerns a putatively innocent third party who was injured by an intoxicated driver. In this regard, the facts are closer to those presented in *Ono* and are distinguishable from *Bertelmann*, *Feliciano*, and *Winters* wherein the injured persons were not within the class protected by the statute because their injuries were essentially self-inflicted.

Finally, the court in *Miller v. City of Portland*, 288 Or. 271, 604 P.2d 1261 (1980), the case whose reasoning we relied on most heavily in *Winters*, "noted it had previously modified the common law [of Oregon] to allow an action against a commercial seller of liquor for the death of a third party killed by a minor who received liquor in violation of its liquor control statute prohibiting the sale of liquor to a minor." *Winters*, 71 Haw. at 529, 797 P.2d at 53. In *Miller*, the Oregon court refused to extend an already-recognized duty of liquor suppliers to innocent third parties to cover the case of a voluntarily intoxicated minor who had injured himself. Thus, even in the jurisdiction whose reasoning we found most persuasive, the duty of licensees not to sell liquor to minors had been firmly established.

Kuboyama also points to this court's refusal in *Johnston v. KFC National Management Co.*, 71 Haw. 229, 788 P.2d 159 (1990), to recognize a duty to innocent third parties on the part of social hosts not to serve liquor to their guests. Kuboyama contends that *Johnston* further indicates our reluctance to recognize extensions of the duty set forth in *Ono*. However, in *Johnston*, we refused to recognize a "social host" duty because we could discern no clear trend favoring such a duty in other jurisdictions, and because "our

legislature has not enacted any statute imposing liability upon social hosts or establishing standards of conduct for social hosts upon which this court may hold a social host civilly liable[.]" *Id.* at 236-37, 788 P.2d at 163. Conversely, in the instant case, we have previously noted a clear demonstration of the trend across the nation toward recognizing the duty urged upon us by Tiffany, and by enacting HRS § 281-78(a)(2)(A), our legislature has established standards of conduct for liquor licensees upon which this court could hold such licensee civilly liable to injured innocent third parties.

Finally, Kuboyama claims that the differences in environment between a package store and a dram shop should preclude this court from recognizing a duty under HRS § 281-78(a)(2)(A) akin to the *Ono* duty under HRS § 281-78(a)(2)(B). Kuboyama claims that because a dram shop operator is able to monitor the consumption of liquor on his or her premises, it is reasonable to recognize a tort duty on the part of that operator not to serve alcohol to a person under the influence of liquor pursuant to HRS § 281-78(a)(2)(B). Kuboyama appears to argue that it is not reasonable to recognize a kindred duty under subsection (a)(2)(A) because a package store operator has no comparable way to tell whether a person is a minor. Kuboyama appears to suggest that a package store operator is somehow strictly liable under subsection (a)(2)(A), and that therefore, it would be unjust for this court to predicate a tort duty on a violation of the statute.

Kuboyama's contention is misplaced. The statute clearly provides that a licensee who sells liquor to a minor

> shall not be deemed to be [in] violation of [§ 281-78(a)(2)(A) ] if, in making the sale *the licensee was misled by the appearance of the minor and the attending circumstances into honestly believing that such minor was of legal age and the licensee acted in good faith,* and it shall be incumbent upon the licensee to prove that the licensee acted in good faith[.]

HRS § 281-78(a)(2) (emphasis added). Thus, a package store operator, like the op-

erator of a dram shop under HRS § 281–78(a)(2)(B), is responsible for monitoring its patrons' and its own activities. Neither one can be held strictly liable. Even after making an otherwise illegal sale of liquor to a minor, licensees, including package store operators, always have the opportunity to demonstrate that, because of the good faith exception, they have in fact not violated the statute. If they have not violated the statute, they have likewise not breached a duty to innocent third parties.

We are persuaded that the rationale for recognizing a duty to innocent third parties under HRS § 281–78(a)(2)(B) likewise applies to § 281–78(a)(2)(A). Therefore, based on the foregoing analysis, we now hold that HRS § 281–78(a)(2)(A) imposes a duty to innocent third parties upon a liquor licensee who sells alcohol to a minor.

B. *Given a duty under HRS § 281–78(a)(2)(A), does that duty apply where an innocent third party is injured by an intoxicated minor other than the minor to whom liquor was sold in violation of the statute?*

█ Having recognized that HRS § 281–78(a)(2)(A) imposes a duty to innocent third parties upon liquor licensees not to sell alcohol to minors, we now turn to the question whether that duty includes the situation in which innocent third parties are injured by an intoxicated minor who was not the minor to whom the liquor was sold.

As previously noted, Tiffany has cited to several cases from other jurisdictions which hold that licensees owe a duty to innocent third parties not to sell liquor to minors. Additionally, these cases hold that the duty encompasses situations where an innocent third party is injured by a minor other than the specific minor to whom the liquor was sold. The courts in these cases begin by noting that there is a general tort duty to innocent third parties on the part of licensees not to sell liquor to minors in violation of that jurisdiction's liquor control statute. They then focus primarily on the issue of reasonable foreseeability as it is presented by the facts of the particular case, in order to decide whether the licensee can be adjudged liable in tort for having sold liquor to a minor.

We find most persuasive the thorough discussion of this issue set forth in *Thompson v. Victor's Liquor Store, Inc.*, 216 N.J.Super. 202, 523 A.2d 269 (1987). In *Thompson*, a minor (Mullins) bought one pint of whiskey and two six-packs of beer from a package store and shared it with two other minors, one of whom was the plaintiff (Thompson).[7] When Mullins entered the package store, Thompson and the other minor waited in the car, which was parked on the side of the package store building, outside the view of any occupant in the store. After consuming the alcohol, Mullins went home; Thompson, who was driving his mother's vehicle, was subsequently injured when his automobile collided with a brick wall. Thompson sued the package store for negligence, based on its illegal sale of liquor to a minor. The trial court granted summary judgment to the package store, ruling that the plaintiff's accident and injury were not reasonably foreseeable results of the store's illegal sale of liquor to Mullins.

The *Thompson* court began by noting that if the minor to whom the liquor was sold had been the driver of the car, there would have been no doubt about the basis for the store's liability. *Id.* at 205, 523 A.2d at 271. The court then stated:

This case directly and principally raises the issue of foreseeability. We view the matter not as one of liability or exoneration depending solely upon who purchased the liquor and who drove the car. Rather we see possible responsibility as a continuum starting with evident responsibility and ending with a lack thereof. If Mullins purchased the beverages, immediately

7. Although Thompson would likely not have a claim under Hawai'i law after *Winters,* the *Thompson* court's analysis of foreseeability is in-structive of the issues presented by the instant case.

drank them to a state of intoxication and then drove the car, defendant's liability would be a foregone conclusion. If the beverages were purchased by Mullins, but the store owner could see that there were young people sitting in Mullins' car and then the beverages were immediately consumed by them with one of the other occupants driving, it clearly would not be unreasonable for a jury to determine that it was foreseeable that the purchaser would share the beverages with his friends.... Other factors in the foreseeability analysis are the quantity of alcohol purchased, the time of day, statements made at the time of purchase, and any other relevant circumstances of the sale.

At some point, however, the chain of proximate causation is broken, for it is no longer reasonably foreseeable that the accident would occur without the intervention of an unanticipated act of a third party; nor is the situation any longer one of "the natural and probable consequences" of the original act. The actions of the third party can become sufficiently divorced from the initial sale of the beverage that legal responsibility should no longer be assessed. Where reasonable persons could differ, however, the issue is not one to be determined by the court; it must be left for the jury.

*Id.* (internal citations omitted).

Listing some of the specific factors which should guide the jury's determination on the foreseeability issue, the *Thompson* court stated:

Certainly the pint of whiskey and two six-packs of beer were not a half gallon and a keg, which might have strongly indicated a teen party. But neither were they such a small quantity to indicate solitary consumption. There is, however, an additional inference which can be drawn from the immediate consumption of the beer, namely that it was taken from the seller's refrigerator, not the shelf; few people drink warm beer. Therefore, a jury could find that the seller should have reasonably anticipated that a purchase of 12 cold cans of beer and a pint of whiskey by a single young person would be for the immediate consumption by a group of young persons, rather than by only the purchaser. In short, there were sufficient factual issues arising from the circumstances of this case to warrant a jury's determination of the reasonable foreseeability of Mullins' immediate sharing of the beverages with other underage drinkers, including plaintiff. We reiterate that we reach this conclusion not from the fact of sale alone, but upon the need for a jury to appraise the totality of the circumstances.

*Id.* at 207, 523 A.2d at 272. The court ruled that the trial court had erroneously granted summary judgment to the defendant package store, instead of allowing the case to go to the jury. *Id.* at 213, 523 A.2d at 275.

The *Thompson* court thus reasoned that once the general tort duty on the part of licensee-violators of the liquor control statute has been established, the issue of defendant's negligence under circumstances when the injury is not caused by the minor to whom the liquor was sold is basically a question of fact to be analyzed in the familiar tort terms of reasonable foreseeability—that is, the plaintiff will not be automatically foreclosed, as a matter of law, from arguing his or her claim simply because the minor who brought about the injury was not the minor to whom the liquor was sold.

■ We now adopt the reasoning of the New Jersey appellate court in *Thompson* and hold that the § 281–78(a)(2)(A) duty we have recognized includes the situation where an innocent third party has been injured by an intoxicated minor other than the minor to whom the liquor was sold, subject to determinations by the trier of fact on the issue of reasonable foreseeability.[8] As applied to this case, the plaintiff would have to produce

---

8. As stated earlier, the issue of a plaintiff's "innocence" may also present a question of fact for the

trier of fact to determine. For example, whether a plaintiff was himself or herself negligent for

sufficient evidence to show that it was reasonably foreseeable to Kuboyama that minors other than those to whom the liquor had been sold would consume the liquor, become intoxicated, and drive a vehicle. If the plaintiff is unable to bring forth enough evidence on this issue, he or she will likely lose on summary judgment. However, the plaintiff will have lost because he or she failed to demonstrate a genuine issue of material fact on the foreseeability issue, and not because the duty owed to him or her by the defendant simply does not cover the situation as a matter of law.[9]

### IV. CONCLUSION

Based on the foregoing, we vacate the circuit court's order granting summary judgment to Kuboyama, and remand this case for further proceedings.

LEVINSON, Justice, concurring.

As a result of our decision today, this court has adopted the reasoning of "the thorough discussion," opinion of the court at 19, in *Thompson v. Victor's Liquor Store, Inc.*, 216 N.J.Super. 202, 523 A.2d 269 (1987), in holding that "the § 281–78(a)(2)(A) duty we have recognized includes the situation where an innocent third party has been injured by an intoxicated minor other than the minor to whom the liquor was sold, subject to determinations by the trier of fact on the issue of

reasonable foreseeability." Opinion of the court at 22.

It is noteworthy that the plaintiff in *Thompson* was a minor who shared liquor and beer purchased from the defendant package store by another minor, became voluntarily intoxicated, and thereafter injured himself in a one-car collision with a brick wall. I assume that it is these facts that form the basis of our recognition that the *Thompson* plaintiff "would likely not have a claim under Hawai'i law after *Winters [v. Silver Fox Bar*, 71 Haw. 524, 797 P.2d 51 (1990) ]." Opinion of the court at 1289 n. 7. That being the case, I respectfully suggest that the *Winters* rationale—and along with it, the fundamental premises of *Bertelmann v. Taas Associates*, 69 Haw. 95, 735 P.2d 930 (1987), and *Feliciano v. Waikiki Deep Water, Inc.*, 69 Haw. 605, 752 P.2d 1076 (1988)—should be rethought.

---

accepting a ride with a driver determined to have been intoxicated.

**9.** It is worthy to note that even the majority of the cases cited by Kuboyama in her attempt to rebut Tiffany's argument implicitly adopt the general reasoning of the *Thompson* court and do not restrict the duty, as a matter of law, to preclude situations as that presented in this case. It is true, however, that several of these cases do place more stringent requirements on what a plaintiff must factually show in order to withstand a summary judgment motion. *See, e.g., Fladeland v. Mayer*, 102 N.W.2d 121, 123 (N.D.

1960) (plaintiff must show that the illegal sale was made "under such circumstances that the seller knew or had reasonable grounds to believe that the person to whom such sale was made would give or share such alcoholic beverage with the person whose intoxication caused the damage suffered"); *Welch v. Convenient Food Mart*, 106 Ill.App.3d 131, 133, 62 Ill.Dec. 96, 98, 435 N.E.2d 894, 896 (1982) (no direct sale required, but liability only imposed "when the dramshop operator knows or should know that the [person who actually causes the injury] will be a consumer of the intoxicant").