**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000032
20-JUN-2019
07:55 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---

MELCHOR A. PONCE,
Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAI'I,
Respondent-Appellee

NO. CAAP-17-0000032

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DAA-16-00005)

JUNE 20, 2019

GINOZA, CHIEF JUDGE, LEONARD AND CHAN, JJ.

OPINION OF THE COURT BY CHAN, J.

In this secondary appeal, Petitioner-Appellant Melchor A. Ponce (Ponce) appeals from the December 27, 2016 Decision and Order Affirming Administrative Revocation (Order) and the January 31, 2017 Judgment on Appeal (Judgment), both entered by the District Court of the First Circuit (district court).[1] The district court affirmed the administrative revocation of Ponce's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawai'i, acting

---

[1] The Honorable Lono J. Lee presided.

through a hearing officer (Hearing Officer) of the Administrative Driver's License Revocation Office (ADLRO).

On appeal, Ponce argues that the district court erred in affirming the Hearing Officer's conclusion that the implied consent form read to Ponce was not misleading.

I.

On August 25, 2016, Ponce was arrested for Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61 (Supp. 2016). After arriving at the police station, the arresting officer read to Ponce the provisions of the form titled "USE OF INTOXICANTS WHILE OPERATING A VEHICLE IMPLIED CONSENT FOR TESTING" (Implied Consent Form).[2] The Implied Consent Form provided:

> Pursuant to chapter 291E, Hawaii Revised Statutes (HRS), Use of Intoxicants While Operating a Vehicle, you are being informed of the following:
>
> 1.____ Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the person[']s breath, blood, or urine as applicable.
>
> 2.____ You are not entitled to an attorney before you submit to any test or test [sic] to determine your alcohol and/or drug content.
>
> 3.____ You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content. If you do refuse, then none shall be given, except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you may be subject to the sanctions of 291E-65 if you are under 21 years of age at the time of the offense. In addition, you may also be subject to the procedures and sanctions under chapter 291E, part III.

Ponce refused to submit to alcohol concentration testing and refused to initial or sign the form to indicate his acknowledgment. After Ponce refused to sign the Implied Consent Form, the arresting officer read to Ponce the provisions of an additional four-page form concerning the consequences of passing, failing, and refusing an alcohol concentration test (Sanctions

_____

[2] The Implied Consent Form is identified as "HPD-396K (R-12/15)" at the bottom left of the form.

Form).[3] Ponce again refused to initial or sign the Sanctions Form. After Ponce refused to sign the Sanctions Form, the arresting officer prepared the Notice of Administrative Revocation, which Ponce again refused to sign.

On August 31, 2016, the ADLRO issued its Notice of Administrative Review Decision (Administrative Review Decision), sustaining the Notice of Administrative Revocation and revoking Ponce's license and privilege to operate a vehicle for a two-year period from September 25, 2016 through and including September 24, 2018.

On September 28, 2016, Ponce requested an administrative hearing to review the Administrative Review Decision. The ADLRO held the hearing on October 25, 2016. At the hearing, Ponce raised the argument that the last two sentences in paragraph 3 of the Implied Consent Form were misleading:

> You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content. If you do refuse, then none shall be given, except as provided in section 291E-21. <u>However, if you refuse to submit to a breath, blood, or urine test, you may be subject to the sanctions of 291E-65 if you are under 21 years of age at the time of the offense. In addition, you may also be subject to the procedures and sanctions under chapter 291E, part III.</u>

(Emphasis added.) Ponce argued that the two underlined sentences are misleading because, in their given order, both sentences together appear to apply only to persons under twenty-one years of age.

On October 28, 2016, the Hearing Officer filed both the Notice of Administrative Hearing Decision (Administrative Hearing Decision) and the Findings of Fact, Conclusions of Law, and Decision (FOF/COL/Decision). The Administrative Hearing Decision and the FOF/COL/Decision affirmed the Administrative Review Decision and concluded: (1) reasonable suspicion existed to stop Ponce's vehicle; (2) probable cause existed to believe Ponce operated his vehicle while under the influence of an intoxicant;

---

[3] Each page of the Sanctions Form is identified separately as "HPD-396B1 (R-08/12)," "HPD-396B2 (R-08/12)," "HPD-396B3 (R-11/15)," and "HPD-396B4 (R-08/12)" at the bottom left of the form.

(3) the preponderance of the evidence shows that Ponce refused to submit to an alcohol concentration test after being informed of his right to refuse to submit to testing and of the possible sanctions for such refusal; and (4) the preponderance of the evidence shows that Ponce operated the vehicle while under the influence of an intoxicant.  The Hearings Officer rejected Ponce's argument that the Implied Consent Form was misleading.  The Hearings Officer also struck Ponce's refusal to submit to testing and amended the period of the administrative revocation from two years to one year because Ponce had no prior alcohol enforcement contacts, pursuant to HRS § 291E-41(b)(1) (Supp. 2016).[4]

On November 18, 2016, Ponce filed a Petition for Judicial Review in the district court.  Ponce did not raise any arguments pertaining to the Hearing Officer's findings regarding the evidence of his intoxication.  Rather, the only issue Ponce raised to the district court was whether the language of the Implied Consent Form was misleading.  Ponce reasserted that the order of the last two sentences in paragraph 3 of the Implied Consent Form and the use of the words "[i]n addition" is misleading because both sentences appear to apply only to persons under twenty-one years of age.  Ponce argued that because he "was given materially incorrect implied consent advice, his license revocation must be set aside as [he] might have consented to testing had he been informed that an administrative license revocation proceeding was inevitable."

---

[4]     HRS § 291E-41 provides, in relevant part:

§291E-41 **Effective date, conditions, and period of administrative revocation; criteria.** . . .
        (b) . . . The periods of administrative revocation, with respect to a license and privilege to operate a vehicle, that shall be imposed under this part are as follows:
                (1)    A one year revocation of license and privilege to operate a vehicle, if the respondent's record shows no prior alcohol enforcement contact or drug enforcement contact during the five years preceding the date the notice of administrative revocation was issued[.]

On December 27, 2016, the district court issued its Order affirming the Hearing Officer's decision. The district court held:

> The Court does not find the warning provision to be misleading and merely advises the Petitioner of the consequences of his refusal to submit to a breath, blood or urine test. The warning addresses the subject's age if applicable under Hawaii Revised Statutes (HRS) 291E-65 and sanctions under Administration Revocation Process under HRS 291E Part III.
> The Court finds none of the arguments raised by Counsel sufficient to warrant reversal, and the Court finds no reversible error in the record.

This appeal followed.

## II.

We review the district court's decision under the right/wrong standard. Freitas v. Admin. Dir. of the Courts, 108 Hawai'i 31, 43, 116 P.3d 673, 685 (2005) (quoting Soderlund v. Admin. Dir. of the Courts, 96 Hawai'i 114, 118, 26 P.3d 1214, 1218 (2001)).

## III.

Ponce argues that his decision to refuse to submit to testing was not knowing or intelligent because the Implied Consent Form contained language that was misleading. In support of his contention, Ponce relies on State v. Wilson, 92 Hawai'i 45, 49, 987 P.2d 268, 272 (1999), where the Hawai'i Supreme Court held that "Hawai'i's implied consent scheme mandates accurate warnings to enable a driver to knowingly and intelligently consent to or refuse a chemical alcohol test." (Emphasis in original.) In Wilson, the supreme court held that an arrestee did not make a knowing or intelligent decision to consent to testing where the arresting officer stated only that a "three month revocation . . . would apply if you chose to take the test and failed it," when in fact the arrestee was subject to revocation of his driving privileges for three months to up to one year. Id. at 51, 987 P.2d at 274. The supreme court held that the arresting officer's statement was "inaccurate and misleading and did not fully inform [the arrestee] of the legal consequences of submitting to a blood test." Id.

Ponce contends that the following language from the Implied Consent Form was misleading and led him to refuse a chemical test:

> However, if you refuse to submit to a breath, blood, or urine test, you may be subject to the sanctions of 291E-65 if you are under 21 years of age at the time of the offense. In addition, you may also be subject to the procedures and sanctions under chapter 291E, part III.

Ponce argues that the order and wording of this language suggest that both of the sentences apply only to persons under twenty-one years of age, thereby also suggesting that the referenced administrative license revocation procedure (encompassed in HRS chapter 291E, part III) also only applies to persons under twenty-one years of age. Ultimately, Ponce asserts that "[b]ecause the implied consent form informed Ponce that the administrative driver's license revocation procedure only applied to him if he was under 21 years of age (which he is not), his license revocation must be reversed."

We agree with Ponce's position that the language in the contested portion of the Implied Consent Form is misleading and confusing to the extent that the second sentence regarding sanctions under HRS chapter 291E, part III, appears to apply only to those who are under twenty-one years of age. This reading arises due to the second sentence beginning with the phrase, "[i]n addition," indicating a continuation of the previous sentence, which explicitly applies to those under twenty-one years of age. The contested language misleadingly advises arrestees that the administrative revocation procedure is inapplicable to arrestees who are over twenty-one years of age. However, the possible sanctions under HRS chapter 291E, part III, are not limited to OVUII arrestees under twenty-one years of age who refuse to submit to a breath, blood, or urine test.

The State responds, however, that when viewing the contents of the Implied Consent Form and the Sanctions Form as a whole, an arrestee is clearly advised that the administrative revocation procedures apply to "[a]ny person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State[.]" The Sanctions Form consists of three pages of information pertaining to the consequences of passing,

6

failing, and refusing an alcohol concentration test, including the administrative revocation procedures. The fourth and final page of the Sanctions Form is titled, "Acknowledgement [sic] of Receipt of Sanction Information and Implied Consent Testing Choice." Ponce does not challenge any aspect of the Sanctions Form and we need not review its contents in detail here. However, inasmuch as the State contends that the Implied Consent Form and Sanctions Form read together provide an arrestee with clear advisements, we conclude that although the Sanctions Form provides further information to an arrestee as to the procedures and sanctions that were referenced in the Implied Consent Form, it does not cure the misleading nature of the contested language in paragraph 3 of the Implied Consent Form.

Because Ponce was misleadingly advised, "he did not make a knowing and intelligent decision whether to exercise his statutory right of consent or refusal." Wilson, 92 Hawai'i at 51, 987 P.2d at 274 (citation omitted). We therefore conclude that the district court erred in affirming the Hearing Officer's conclusion that the Implied Consent Form was not misleading. Ponce's refusal to submit to testing cannot serve as the basis for the administrative revocation of his driver's license.

We further conclude, however, that the district court did not err in affirming the administrative revocation of Ponce's driver's license on other grounds. An administrative revocation is sustained if

> [t]he evidence proves by a preponderance that:
> (A)    The respondent operated the vehicle while under the influence of an intoxicant; or
> (B)    The respondent operated the vehicle and refused to submit to a breath, blood, or urine test after being informed:
> (i)    That the person may refuse to submit to testing in compliance with section 291E-11; and
> (ii)   Of the sanctions of this part and then asked if the person still refuses to submit to a breath, blood, or urine test in compliance with the requirements of section 291E-15.

HRS § 291E-38(e)(3) (Supp. 2016) (emphasis added); see also HRS § 291E-37(d)(3) (Supp. 2016). Accordingly, an administrative revocation of a driver's license may be based on either one of the two grounds provided in HRS § 291E-38(e)(3) and HRS § 291E-

37(d)(3) and either ground is "a sufficient and 'independent ground upon which to sustain revocation.'" Castro v. Admin. Dir. of the Courts, 97 Hawai'i 463, 471, 40 P.3d 865, 873 (2002) (quoting Spock v. Admin. Dir. of the Courts, 96 Hawai'i 190, 191, 29 P.3d 380, 380 (2001)).

Here, Ponce seeks to reverse his license revocation but does not contest the Hearing Officer's conclusion that there was sufficient evidence on record to prove by a preponderance that Ponce operated the vehicle while under the influence of an intoxicant.[5] Irrespective of Ponce's refusal to submit to testing, the evidence of intoxication provided an independent ground upon which the Hearing Officer could and did rely in upholding the administrative revocation.[6] Thus, although the district court erred in holding that the Implied Consent Form was not misleading, we conclude that the district court correctly affirmed the Hearing Officer's decision to administratively revoke Ponce's license pursuant to HRS § 291E-38(e)(3). See Reyes v. Kuboyama, 76 Hawai'i 137, 140, 870 P.2d 1281, 1284 (1994) ("[W]here the [lower] court's decision is correct, its conclusion will not be disturbed on the ground that it gave the wrong reason for its ruling."); see also Strouss v. Simmons, 66 Haw. 32, 40, 657 P.2d 1004, 1010 (1982) ("An appellate court may affirm a judgment of the lower court on any ground in the record which supports affirmance.").

---

[5] As mentioned *supra*, in his Petition for Judicial Review, the only issue raised by Ponce to the district court was whether the Implied Consent Form contained misleading language that rendered Ponce's refusal to submit to testing invalid. Ponce did not challenge the Hearing Officer's findings regarding the evidence of his intoxication and the issue was not before the district court. Therefore the district court's decision only addressed the issue of whether the Implied Consent Form was misleading.

[6] In fact, the Hearings Officer, in reaching its decision, struck Ponce's refusal to submit to testing in order to reduce the revocation period from two years to one year. Thus, the primary basis for the Hearing Officer's decision to sustain the administrative revocation of Ponce's license was the evidence showing by a preponderance that Ponce was intoxicated while he was operating his vehicle.

Based on the foregoing, we affirm the December 27, 2016 Decision and Order Affirming Administrative Revocation and the January 31, 2017 Judgment on Appeal, entered by the District Court of the First Circuit.

On the briefs:

Earle A. Partington,
for Petitioner-Appellant.

Delanie D. Prescott-Tate,
Deputy Attorney General,
for Respondent-Appellee.