**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000477**
**22-FEB-2024**
**07:48 AM**
**Dkt. 74 SO**

NO. CAAP-19-0000477

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

VINH ALKIRE-CLEMEN, Plaintiff-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF HUMAN SERVICES,
DIVISION OF VOCATIONAL REHABILITATION, Defendant-Appellee;
and JOHN DOES 1-10; JANE DOES 1-10; DOE BUSINESS ENTITIES
1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS
1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10;
and DOE GOVERNMENTAL AGENCIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171001700)

## SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Vihn **Alkire-Clemen** appeals from the Final Judgment entered by the Circuit Court of the First Circuit on March 14, 2019.[1] She challenges the (1) November 5, 2018 order denying her motion for default judgment against the **State** of Hawai'i Department of Human Services, Division of Vocational Rehabilitation; (2) March 14, 2019 order granting the State's motion to dismiss her complaint; and (3) June 5, 2019 order denying her motion for reconsideration. We affirm, but for reasons different from those articulated by the circuit court.

---

[1] The Honorable Dean E. Ochiai presided.

Alkire-Clemen's complaint was filed on October 19, 2017.  It alleged that Alkire-Clemen received services from the State under Hawaii Revised Statutes (**HRS**) Chapter 348 (Vocational Rehabilitation) from 2003 until "March 28, 2014[,] when she was advised that her [Individualized Plan for Employment] was being closed allegedly because of 'Failure to Cooperate.'"  The State allegedly discriminated against her because of her disability, which would violate HRS § 368-1.5 (2015).

**(1)**   The complaint was served on Susan Foard, the State's acting vocational administrator, on October 19, 2017. The State did not respond to the complaint.  On November 21, 2017, the circuit court clerk entered the State's default. Alkire-Clemen moved for a default judgment.  The circuit court denied the motion because the complaint had not been served upon the Attorney General, as required by Hawai'i Rules of Civil Procedure (**HRCP**) Rule 4(d)(4).  See Munoz v. Chandler, 98 Hawai'i 80, 89 n.13, 42 P.3d 657, 666 n.13 (App. 2002).  The November 5, 2018 order denying the motion gave Alkire-Clemen leave to serve the Attorney General.  The circuit court was not wrong to deny the motion for default judgment.

**(2)**   After Alkire-Clemen served her complaint on the Attorney General, the State moved to dismiss under HRCP Rule 12(b)(1) (lack of subject matter jurisdiction) and (6) (failure to state a claim).  Alkire-Clemen contends the circuit court erred by granting the motion.  We review de novo, under the same standard applied by the circuit court.  Bank of Am., N.A. v. Reyes-Toledo, 143 Hawai'i 249, 256-57, 428 P.3d 761, 768-69 (2018).

**(a)**   We address HRCP Rule 12(b)(1) first, because subject matter jurisdiction is a potentially dispositive issue. The standard under HRCP Rule 12(b)(1) depends on whether the jurisdictional challenge is facial or factual.  State v. One Love Ministries, 142 Hawai'i 197, 206, 416 P.3d 918, 927 (App. 2018).

A facial challenge is based on the allegations of the complaint itself.  The standard is the same as under HRCP

2

Rule 12(b)(6). <u>Id.</u> That is, the allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff. <u>Id.</u> Under HRS § 368-12 (2015), a plaintiff has 90 days after receipt of a notice of right to sue to file a civil action. Alkire-Clemen's complaint alleged that she received her notice of right to sue on August 1, 2017. [JROA 27 @ 13] Her complaint was filed on October 19, 2017 — 84 days later. The complaint alleged facts showing subject matter jurisdiction.

A factual challenge to jurisdiction attacks the facts alleged to support the existence of jurisdiction. To resolve a factual challenge, the court may consider evidence outside the pleadings. <u>One Love Ministries</u>, 142 Hawaiʻi at 206, 416 P.3d at 927. Alkire-Clemen's opposition attached a copy of the charge she filed with the Hawaiʻi Civil Rights Commission (**HCRC**). The parties disputed whether the charge was filed within 180 days after "the alleged unlawful discriminatory practice occurred" as required by HRS § 368-11(c)(1) (2015). That dispute is not material to the circuit court's jurisdiction under HRS § 368-12. The court had subject matter jurisdiction because Alkire-Clemen's complaint was filed within 90 days after she received the right-to-sue letter. But the 180-day dispute is material to whether Alkire-Clemen stated a claim upon which relief could be granted.

**(b)** Under HRCP Rule 12(b)(6) a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting their claim that would entitle them to relief. <u>Reyes-Toledo</u>, 143 Hawaiʻi at 257, 428 P.3d at 769. Alkire-Clemen's proffer of her HCRC charge was not objected to by the State. It was previously authenticated by her affidavit in support of her motion for default judgment. The circuit court did not exclude it; it was mentioned in the court's oral ruling and in the order granting the State's motion. Alkire-Clemen's submission of her HCRC charge converted the motion to dismiss into one for summary judgment. <u>See</u> HRCP Rule 12(b); <u>Andrade v. County of Hawaiʻi</u>, 145 Hawaiʻi 265, 269, 451 P.3d 1, 5 (App. 2019).

We review a grant or denial of summary judgment de novo.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018).  We "may affirm a grant of summary judgment on any ground appearing in the record, even if the circuit court did not rely on it."  Reyes v. Kuboyama, 76 Hawaiʻi 137, 140, 870 P.2d 1281, 1284 (1994).

Alkire-Clemen's motion for default judgment was supported by her affidavit.  She stated, "on or about March 19, 20014 [sic], Defendant [State] closed her IEP and VR for her 'failure to cooperate' therein, as shown in Exhibit 'F' attached hereto and incorporated herein by reference."  Exhibit F was a copy of the State's Case Closure Information form.  It states that Alkire-Clemen's case was closed on March 19, 2014.  Alkire-Clemen's HCRC charge of discrimination was filed on May 8, 2015 — 416 days later.  The HCRC charge was not filed within 180 days after "the alleged unlawful discriminatory practice occurred" as required by HRS § 368-11(c)(1).  The State was entitled to summary judgment on that basis.  The circuit court did not err by dismissing Alkire-Clemen's lawsuit.

**(3)**  Alkire-Clemen's motion for reconsideration also sought leave to amend her complaint.  Her motion presented no arguments or evidence that could not have been presented during proceedings on the State's motion to dismiss.  James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 162, 528 P.3d 222, 235 (2023).  Her proposed amendment — to change the date from March 28, 2014 to January 2, 2015 — would have been futile because the Case Closure Information form shows that the alleged discrimination occurred on March 19, 2014.  See Yoneji v. Yoneji, 137 Hawaiʻi 299, 318, 370 P.3d 704, 723 (App. 2016) (noting that reasons to deny leave to amend include "futility of amendment").  The circuit court did not abuse its discretion by denying reconsideration and leave to amend.

For these reasons, the "Final Judgment" entered by the circuit court on March 14, 2019, is affirmed.

DATED:  Honolulu, Hawaiʻi, February 22, 2024.

On the briefs:

Ronald T. Fujiwara,
for Plaintiff-Appellant.

Caron M. Inagaki,
Skyler G. Cruz,
Deputy Attorneys General,
State of Hawaiʻi,
for Defendant-Appellee
Department of Human Services,
Division of Vocational
Rehabilitation.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge