LAW LIBRARY

NO. 28422

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PHILIP LAU, Plaintiff-Appellant,
v.
CLOYCE E. THOMPSON, aka CORY THOMPSON, and
TAIME TOEAINA, Defendants-Appellees,
and
DOE CORPORATIONS 1-10, and
DOE INDIVIDUALS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 04-1-1533)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

This appeal arises out of allegations by Plaintiff-Appellant Philip Lau (Lau) of intentional infliction of emotional distress and public humiliation against Defendants-Appellees Cloyce Thompson and Taime Toeaina, who, along with Lau, worked as drivers for Signature Cab Holdings, Inc., dba The Cab. Lau appeals from the Amended Final Judgment filed on February 2, 2007 in the Circuit Court of the First Circuit (circuit court)[1], awarding summary judgment and attorneys' fees and costs in favor of the defendants and against Lau.

On appeal, Lau contends that the circuit court erred:

(1) in granting defendants' joint motion for summary judgment because there was a genuine issue of material fact regarding his Intentional Infliction Of Emotional Distress (IIED) claim;

(2) in granting defendants' joint motion for summary judgment because defendants failed to respond to Lau's claim for Public Humiliation; and

(3) in granting defendants' motion for recovery of fees and costs.

Upon careful review of the record and the briefs, and giving due consideration to the arguments advanced, issues

---

[1] The Honorable Randal K.O. Lee presided.

raised, and all relevant statutory and case law, we conclude that there are no genuine issues of material fact with regard to Lau's IIED claim, and both the defendants' joint motion for summary judgment and the circuit's court's order granting summary judgment (MSJ order) addressed Lau's Public Humiliation claim. Consequently, Lau's appeal, as it relates to the circuit court's award of summary judgment to the defendants, is without merit. Regarding Lau's appeal as it relates to the circuit court's award of fees and costs, however, we conclude that the circuit court abused its discretion in awarding attorneys' fees to defendants.[2]

Defendants requested attorneys' fees and costs pursuant to Rules 7 through 11, Hawai'i Rules of Civil Procedure. Attached to the accompanying affidavit of counsel is a copy of the MSJ order, and a list of the major activities deemed by counsel to be necessary in the preparation and presentation of the motion for summary judgment. The affidavit further explains counsel's efforts to keep fees and costs to a minimum. The affidavit contends that fees and costs are warranted because the circuit court's MSJ order "allow[ed] said Defendants to recover from Plaintiff the costs and fees associated with the preparation of and presentation of the Motion for Summary Judgment."

The MSJ order, however, only "allows" recovery of fees and costs to the extent that it does not disallow them.[3] More accurately, it denies defendants' fees and costs as part of the

---

[2] Upon judgment, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Haw. R. Civ. P. 54(d)(1). Lau's arguments on appeal do not apply to the defendants' entitlement to costs under Rule 54, and we therefore affirm that portion of the circuit court's order. Defendants' failure to reference the appropriate authority with regard to costs is not fatal since costs are to be allowed "as of course." *Id.; See Poe v. Hawai'i Labor Relations Bd.*, 87 Hawai'i 191, 197, 953 P.2d 569, 575 (1998) ("[W]here the circuit court's decision is correct, its conclusion will not be disturbed on the ground that it gave the wrong reason for its ruling." (quoting *Reyes v. Kuboyama,* 76 Hawai'i 137, 140, 870 P.2d 1281, 1284 (1994))).

[3] Even if the MSJ order awarded fees and costs, we would still need to locate a source of the authority under which the circuit court proceeded. We observe in passing that none of the parties to this appeal incorporated a transcript of the hearings on the defendants' motion for summary judgment or the defendants' motion for recovery of fees and costs in the record on appeal. As a result, we do not have the benefit of the circuit court's explanation for its actions apart from what is contained in the two orders.

order, but notes that defendants are "free to" file a subsequent and separate motion.  Specifically, the MSJ order states:

> IT IS FURTHER ORDERED that no costs and fees will be awarded Defendants as a result of this Order; however, Defendants are free to file a separate motion seeking an award of fees and costs, but such motion must be accompanied by fully substantiated costs and fees, which shall be related only to the preparation and presentation of Defendants' Motion for Summary Judgment.

Thus, we look at rules 7 through 11, Hawai'i Rules of Civil Procedure, the authority under which defendants here moved, to determine whether there is a sufficient basis for the circuit court's award of fees and costs.

While Rule 11 provides a process by which a party may seek attorneys' fees, the process was not complied with.[4]  "A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subsection (b)."  Haw. R. Civ. P 11(c)(1)(A).  Defendants' motion for recovery of fees and costs did not describe any conduct alleged to violate Rule 11(b), Hawai'i Rules of Civil Procedure.

Defendants further argue on appeal that some amount of attorneys' fees are warranted under section 607-14, Hawaii Revised Statutes, because they relate to contract-based claims raised in this and another related case.  This argument is unpersuasive.  The circuit court's order granting fees and costs relates to the instant case only, and this case did not involve an action "for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  *Blair v. Ing*, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001) (quoting *TSA Int'l Ltd. v. Shimizu*

---

[4]      Ordinarily, Lau's failure to provide us with transcripts of the hearing on defendants' motion for fees and costs would be a sufficient basis for us to affirm the circuit court's ruling.  *Bettencourt v. Bettencourt*, 80 Hawai'i 225, 231, 909 P.2d 553, 559 (1995) ("Without the transcript . . . we have no basis upon which to review the family court's imposition or sanctions, which we therefore leave undisturbed.")  Nor would Lau's pro se status deflect us from this course.  *Lepere v. United Public Workers*, 77 Hawai'i 471, 474, 887 P.2d 1029, 1032 (1995) ("[A] pro se litigant's subjective sincere belief in his or her claim is not sufficient to satisfy the mandates of [Federal Rules of Civil Procedure] Rule 11.")  In the instant case, however, defendants' own filing establishes that the requirements of Rule 11 were not met.

*Corp.*, 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999) (internal quotation marks omitted). Moreover, defendants did not raise a section 607-14 argument below, so it is deemed waived. *See State v. Moses*, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("[a]s a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal").

In light of the foregoing, we hold that summary judgment to the defendants on the merits of the case was the correct result, and that costs to defendants were warranted under Rule 54, Hawai'i Rules of Civil Procedure. We, therefore, affirm those portions of the February 2, 2007 Amended Final Judgment. We also hold that the circuit court abused its discretion in awarding attorneys' fees to defendants and, therefore, reverse that portion of the Amended Final Judgment so directing.

DATED: Honolulu, Hawai'i, July 28, 2010.

On the briefs:

Philip Lau
Pro Se Plaintiff-Appellant.

William W. Milks,
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge